## Homan *versus* Stanley.

1. An owner who excavates a cellar and carries the excavation to the curbstone for the purpose of constructing a vault under it is bound to have it securely fenced.

2. An owner about to build, contracted with one to dig the cellar, who employed his own assistants, horses and carts ; with another to do the masonry, the owner finding the stone, lime, &c. ; with a third to put up the superstructure. The excavation not being sufficiently guarded the plaintiff fell in and was injured. *Held,* that the owner and not the contractor was liable.

3. Where the contract is split up into different contracts and the owner undertakes to supply the materials and no provision is made for the supervision of the work or maintaining guards, the duty is on the owner to protect the public. Per STERRETT, P. J.

[Homan *v.* Stanley.]

November 8th 1870.  Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Allegheny county :* No. 139, to October and November Term 1870.

This was an action on the case, to June Term 1869, by Alonzo Stanley against Edward Homan.  The cause of action was the negligence of the defendant in not sufficiently guarding a cellar dug by him in the public street, so that the plaintiff, in passing along the street, fell in and was seriously injured.

The case was tried, February 10th 1870, before Sterrett, P. J. The jury found a verdict for the plaintiff for $1000, subject to the opinion of the court on a reserved question which, with the facts of the case, is stated in the opinion of Judge Sterrett, viz.:

" On the 10th of May 1869, in the night-time, the plaintiff fell into an excavation at the corner of Fourteenth and Carson streets, Birmingham, and sustained injuries of a very serious character, for which he seeks to recover damages against the defendant, the owner of the premises, on the ground that he was guilty of negligence in not having a sufficient guard or barrier around the excavation.

" It appeared in evidence, and was not controverted, that the defendant was the owner of the corner lot ; that having determined to improve it, he employed the borough regulator to designate the lines of the foundation and set in the pins ; that he contracted with Christian Homberg to make the excavation for the cellar, and also for a coal-vault under the side-walk, adjoining on Fourteenth street, at 40 cents per cubic yard ; the latter furnishing his own horses and carts, and employing his assistants, and disposing of the earth for his own benefit ; that he contracted with Joseph Brown for the masonry at $1 and $1.10 per perch ; the defendant finding the materials, viz., stone, lime and sand, and delivering the same on the ground ; and that he also contracted with William Kline for the superstructure, including the belt course ; that the defendant, as the excavation and mason work progressed, visited it from time to time, and on one occasion complained to Homberg that he was not pushing the work of excavation fast enough, and threatened to take it out of his hands and employ some one else to finish it.  It also appeared in evidence that the defendant had teams employed delivering the stone at a stipulated price per perch, and the sand and lime by the bushel.

" While the excavation and the mason work were both progressing under these contracts, and the former nearly completed, the plaintiff, in the night-time, fell into the excavation and received the injuries complained of.

" The grounds of defence, mainly relied upon by the defendant, were :—

16 P. F. Smith—30

[Homan *v.* Stanley.]

"1st. That sufficient guards or barriers were placed around the work by those in charge of it.

"2d. That the plaintiff was a trespasser on defendant's lot, and fell thence into the excavation.

"3d. That the plaintiff himself was guilty of negligence, which materially contributed to his injury; and

"4th. That under the contracts in evidence, it was the duty of the contractors, and not of the defendant, to erect and maintain a suitable guard or barrier around the excavation.

"As to the first three grounds of defence, the facts on which they were based were submitted to the jury, and they have found against the defendant. It is therefore established by the verdict, that the plaintiff's injury was occasioned by negligence in not having the excavation sufficiently guarded, and that he himself was neither a trespasser, nor guilty of any negligence contributing to the injury.

"As to the remaining ground of defence, the jury was instructed *pro forma*, that there was nothing in the admitted facts as to the contracts with Homberg and others, that would relieve the defendant from the duty of providing and maintaining such guards or barriers as were sufficient to protect the public in the lawful use and enjoyment of the street and side-walk; reserving for the consideration of the court in banc the question of law raised by these facts.

"The question then is, what was the duty of the defendant under the admitted facts? Was it *his* duty to see that sufficient guards were placed around the excavation, or was this duty devolved on the contractor or either of them? If it was the defendant's duty, then under the other facts of the case, as settled by the verdict, he is liable, and the plaintiff is entitled to judgment on the verdict. In this connection it should be observed that there was no direct testimony as to whether the defendant had a license or permit from the borough authorities to excavate the side-walk for the purpose of constructing a coal-vault. It was not made a question on the trial, and it has been assumed, and we think properly, too, that he had their consent. This may be fairly inferred from the evidence as to the employment of the borough regulator to mark the lines and set in the pins. Of course, if the defendant caused the side-walk to be excavated without permission of the borough authorities, he could not by any contract evade liability to any one injured by falling into the excavation. But we treat the case as though he had permission and the work was lawful.

"In our leading case, Painter *v.* The City of Pittsburg, 10 Wright 213, it was held that the city was not responsible for an injury occasioned by the negligence of her contractors or of their employees; that the remedy was against the contractors alone.

[Homan v. Stanley.]

* * * The doctrine of the case has since been recognised with approval in several cases, the latest of which is Allen v. Willard, 7 P. F. Smith 374, in which Mr. Justice Agnew says : ' The principle to be extracted from the cases is said to be that a person, natural or artificial, is not bound for the negligence of another, unless the relation of master and servant, or principal or agent exist between them ; and that when an injury is done by a person exercising an independent employment, the party employing him is not responsible to the person injured. This doctrine,' he further says, ' is applicable only to causes where the purpose of the contract is entirely lawful, and where the owner of the property on which it is to be executed can lawfully commit its execution to others. There are cases where responsibility cannot be thrown off through the employment of another to execute the work by contract ; as where a contractor is employed to dig a trench in a public street without any authority in the employer himself to break ground. Nor does the principle extend to cases where the employer of the contractor has not relinquished his control over the work to be done, and still continues liable for his duty to others in respect to it.'

"Does the case before us fall within the principle of these adjudicated cases, or is it distinguishable from them ? In the case of Painter v. The City of Pittsburg, the contract embraced the entire work. The city had nothing whatever to do with it, either in furnishing material or otherwise, except to see that the work was done to the satisfaction of the recording regulator. The contract in Allen v. Willard was similar in terms. In the case before us, different parts of the work were let to different persons ; to one the excavation ; to another the stone work ; and to another the superstructure ; while the defendant himself had teams employed in delivering stone, lime and sand on the ground. The fact that these materials were delivered at a stipulated price, would not affect the relation of the parties. The defendant still retained control over them.

"The question is whether the facts as to the letting of the work by the defendant are sufficient to take it out of his control and cast the responsibility entirely upon the contractors.

"In populous cities and towns where the lives of many may be endangered by excavations and improvements, it is of the highest importance, and public policy requires that the duty of providing adequate protection to the public should not be lightly cast upon irresponsible or transient persons. In all cases it is primâ facie the duty of the owner of property on which improvements are being made to afford this protection, and the responsibility being thus cast upon him, nothing short of clear and satisfactory proof should permit him to transfer it to others. It should be clearly shown that the control of the work was relinquished by the owner,

[Homan *v.* Stanley.]

and by contract committed to others. Where, as in the cases cited, the owner contracts for the entire work, in all its details, it is very manifest that this implies a relinquishment of his control over it, and devolves on the contractor the duty which would otherwise attach to himself. But where the work is split up in different contracts, and the owner undertakes, as in the present case, to supply one of the contractors with materials to be used in the execution of his contract, and no provision is made for the supervision of the work or the erection and maintenance of guards around it, we are justified in drawing the inference that the owner retained the supervision; and that his duty to protect the public has not been devolved on others. There is certainly no hardship in holding the owner to this measure of responsibility, and it appears to us that nothing short of it will satisfy the demands of sound public policy.

"In the present case, nothing appears in the contracts as to the supervision of the work, or the duty of placing guards around it, and it is not unfair to the defendant to infer that he reserved these to himself. Under the admitted facts we are of opinion that the duty of erecting and maintaining a sufficient barrier around the excavation was not shifted from the defendant to the contractors, or either of them. He had, to a certain extent at least, a control over the work. He had teams employed delivering materials for the mason work, and on one occasion at least, he claimed and threatened to exercise the right of discharging Homberg and employing another in his stead.

"Again, it does not appear how the contractors, Homberg and Brown, were to do the work; whether under the direction and control of the defendant or otherwise. As was said by Agnew, J., in Allen *v.* Willard, the fact that each had a contract with the defendant for his particular work, did not, in itself, separate defendant from its supervision and control. To pay for stone work by the perch, or to do the whole excavation under a contract, does not necessarily destroy the relation of master and servant.

"In that case, Allen, who had contracted with the owner for the erection of the entire building, including excavation, stone work, materials, and everything pertaining to it, sought to evade the responsibility which he had assumed, by showing that he had sub-let the stone work by the perch to one, and the excavation, into which the plaintiff's husband fell, to another. These sub-contracts were very similar in their features to the contracts of Homberg and Brown, in the case before us, and yet the Supreme Court held that the sub-letting of the work was not such as took it out of the control and direction of Allen and cast the responsibility wholly on the sub-contractors. So in this case, we are of opinion that the contracts with Homberg and others did not shift

[Homan *v.* Stanley.]

the responsibility from the defendant to the contractors, and that therefore the former is liable.

"And now, July 23d 1870, it is ordered that judgment be entered on the question of law reserved, in favor of the plaintiff."

On the removal of the case to the Supreme Court by the defendant, he assigned for error, entering judgment for the plaintiff.

*A. M. Brown,* for plaintiff in error.—If one contracts with another to do work, and a third person is injured by the negligence of the contractor, he, not the employer, is liable: Painter *v.* Pittsburg, 10 Wright 213; Allen *v.* Willard, 7 P. F. Smith 374; Hunt *v.* Penna. Railroad Co., 1 Id. 475; Shearman & Redfield on Negligence, §§ 77, 80.

*Miller & McBride,* for defendant in error, cited Allen *v.* Willard, *supra;* Shearman & Redfield on Negligence, § 83; Buffalo *v.* Halloway, 7 N. Y. 493; Storrs *v.* Utica, 17 Id. 104; Congreve *v.* Smith, 18 Id. 79; Creed *v.* Hartman, 29 Id. 26; Chicago *v.* Robbins, 2 Black 418.

The opinion of the court was delivered, January 3d 1871, by

READ, J.—This was an action against an owner of premises on which he was building a house, for negligence in leaving an excavation or cellar without a sufficient guard or barrier to prevent plaintiff from falling therein.

The jury found, 1st, that sufficient guards or barriers were not placed around the work by those in charge of it; 2d, that the plaintiff was not a trespasser on defendant's lot, and fell thence into the excavation; and, 3d, that the plaintiff himself was not guilty of any negligence which contributed to his injury. This left but one question, which was referred by the court, whether, under the admitted facts, the defendant was liable for the injury.

The facts on this point were stated by the court: "These facts in regard to the contracts are admitted, and *by consent of counsel* we will reserve the question of defendant's liability arising from these facts, and for the present instruct you, *pro forma,* that there is nothing in these facts as to the contracts for excavation and mason work, that will exempt the defendant from liability in this case."

Whether the reservation is in the best form is now immaterial, as it was done by consent of counsel, and no objection was suggested here. The learned judge, in a very able opinion which renders unnecessary any further exposition, holding the defendant liable, ordered judgment in favor of the plaintiff and against the defendant for the amount found by the jury.

The owner is undoubtedly, legally and morally, liable for such negligence, unless he can shift the responsibility clearly upon

[Homan *v.* Stanley.]

some one else, and this is necessary for the safety of our fellow-citizens, particularly in populous places. In the present case he has not shifted the responsibility, and he is therefore liable.

An owner who excavates a cellar, and carries the excavation to the curbstone for the purpose of constructing a coal-vault under the sidewalk, is bound by his duty to the public to have it securely fenced. This is the more necessary, as the excavation for the coal-vault is in the public street.

Judgment affirmed.