## Johnston *v.* Ott Brothers, Appellants.

*Negligence—Duty of contractor to subcontractor's employees—Contributory negligence.*

Where a contractor employes a subcontractor to do certain portions of the work, the contractor is bound to do his part of the work so as to render it safe for the employee of the subcontractor.

Defendants, contractors for the construction of a sewer, sublet the brick work to a subcontractor, who employed plaintiff. While plaintiff was employed in laying bricks the work was arrested by the escape of water from the city pipes, which so saturated the earth that it fell in and filled the trench where the bricklaying was in progress. Defendants cleaned out the trench and propped it up; plaintiff resumed his work. Before commencing work, plaintiff was informed by the subcontractor and one of the other bricklayers who was already at work that the trench was all right and that there was no danger. He thereupon entered the trench, and commenced to work, and about an hour thereafter a portion of the trench gave away, and caught his leg, fracturing it below the knee. *Held*, (1) that it was the duty of the contractor to so prepare the trench as to make it reasonably safe for the subcontractor and his employee; and (2) the jury were properly instructed, on the question of contributory negligence, that, if the plaintiff saw that which should have caused him to know that the place was dangerous, he could not recover.

Argued Oct. 28, 1892.    Appeal, No. 83, Oct. T., 1892, by defendants, Ott Brothers, from judgment of C. P. No. 1, Allegheny Co., March T., 1891, No. 146, on verdict for plaintiff, William Johnston.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for injuries by negligent construction of sewer.

The facts appear by the opinion of the Supreme Court.

At the trial, before STOWE, P. J., defendants presented the following points among others:

1. Request for binding instructions. Refused. [1]

"4. If the jury believe that the plaintiff was in the employment of Brown, who had a subcontract for the brickwork of the sewer, and that he was working in the trench at the time of his injury as the employee of Brown and not of the defendants, and that he entered said trench in the night time in reliance upon the assurance of Brown, or one of Brown's employees that it was safe, and the plaintiff had full opportunity of seeing and

judging for himself of the safety or danger of the work Brown requested him to do, then there can be no recovery from the defendants for an injury resulting to the plaintiff from the risk attending such employment. *Answer:* This point is affirmed, provided the jury are satisfied from the evidence that the plaintiff saw that which should have caused him to know that the place was dangerous. But as it is stated by defendants' attorney that this point is intended to raise squarely the duty of the original contractor to the workmen of the subcontractor, we add for further answer to this point: We think that where one has a contract to do certain work, and employs some one under him to do certain portions of the work, the original contractor is under legal obligation to do his part of the work so as to render it safe for the workmen of the subcontractor. In other words, we think the original contractor is under the same obligation to the workmen of the subcontractor that he would be bound to exercise toward the workmen if he had been the employer. But this does not relieve the workman from due care on his part. If a plaintiff sees, or by ordinary care could see, that there was danger or that he has been negligently exposed to risk, he must use all the additional precaution on his part which a person of ordinary prudence would use in view of all the circumstances. If, then, you do not find the plaintiff was guilty of want of ordinary care under the circumstances in going into a place of visible and apparent danger, this point is refused, but if you should find that he was not exercising ordinary care in going into a place of danger, and went knowing the danger, or seeing that which should have caused him to anticipate possible danger, the point is affirmed." [2]

Verdict and judgment for plaintiff for $1,250. Defendant appealed.

*Errors assigned* were (1, 2) instructions, quoting them.

*D. F. Patterson, Clarence Burleigh* and *John R. Harbison* with him, for appellants, cited, Coal Co. v. Jones, 86 Pa. 432.

*Richard A. Kennedy, David Smith* with him, for appellee, cited: Lewis v. Seifert, 116 Pa. 628; Trainor v. R. R., 137 Pa. 148; 2 Thompson, Neg. 907, 913; Griffiths v. Wolfram, 22 Minn. 185.

PER CURIAM, January 3, 1893:

The appellants had a contract with the city of Pittsburgh for the construction of a sewer along Twenty-eighth street. The work required the excavation of a trench about twenty-four feet in depth, upon the bottom of which the sewer was to be built of brick. The appellants sublet the brickwork to John Brown, who employed the bricklayers, of whom the appellee was one. The latter had been laying bricks in the trench for the employer, Brown, for several days, when the work was arrested by the escape of water from the city pipes, which so saturated the earth that it fell in and filled the trench where the bricklaying was in progress. This put a stop to the work of the bricklayers, who left the place until the appellants had cleaned out the trench and prepared it for resumption of work. After the trench had been cleaned and propped, Brown and some of his bricklayers, including the appellee, resumed their work on a Saturday night. Before commencing work, the appellee was informed by Brown and one of his bricklayers, who was already at work, that the trench was all right; that there was no danger. He then entered and commenced to work, and about an hour thereafter a portion of the trench gave away, and caught his leg, fracturing it below the knee.

The appellee then brought this suit against the appellants, the original contractors for the city, to recover damages for the injury which he sustained, alleging a duty on their part to safely maintain the trench for the security of the bricklayers, and a negligent failure to properly perform that duty. The jury found a verdict for the plaintiff.

The appellants' first point prayed for a binding instruction in their favor. This was properly refused.

The appellants' fourth point was evidently intended to raise the question of the appellants' liability for an injury to an employee of a subcontractor. We think the point was properly answered. The appellants excavated the trench and prepared it for the brickwork. It was the brickwork only that was sublet. It was the duty of the appellants to so prepare the trench as to make it reasonably safe for the subcontractor and his employees. The question, whether the plaintiff had full opportunity of seeing and judging for himself of the safety or danger of the work which Brown, the subcontractor, requested

him to do, was fairly submitted to the jury by the learned judge below.   He instructed them that, if the plaintiff saw that which should have caused him to know that the place was dangerous, he could not recover.

Judgment affirmed.