[Tennessee Coal, Iron & R. R. Co. v. Burgess.]

# Tennessee Coal Iron & R. R. Co. *v.* Burgess

## Damages for Personal Injury While on Premises by Invitation.

(Decided Dec. 17, 1908.   47 South. 1029.)

1. *Appeal and Error; Harmless Error; Ruling on Pleading.*—Where a count in the complaint was charged out at the request of the defendant, errors assigned to the overruling of demurrers to the count, and as to sustaining demurrers to pleas addressed thereto, are harmless, and will not be considered, although insisted on in brief.

2. *Same; Necessity for Assignment.*—Errors not assigned will not be considered although insisted on.

3. *Mines and Minerals; Liability Incident to Working; Pleading; Assumption of Risk.*—In an action by licensee for injuries resulting from a rock falling from the roof of the mine, a plea alleging that plaintiff knew of the defect in the mine of which he complains, and of the danger arising therefrom, and with such knowledge remained in said mine, is bad for failing to alleges that he acquired such knowledge a sufficient length of time before the injuries complained of, to have avoided the danger.

4. *Same.*—A plea in defense of an action for injuries resulting to a licensee from the fall of rock from the roof of defendant's mines, which alleges that the part of the mine in which plaintiff was injured was left to a third person, that plaintiff was an employe of such third person, and that the defect complained of was caused by the operation of that part of the mine by such third person, after plaintiff was invited to enter the mine, and that plaintiff was injured in that part of the mine operated by such third person, is bad for failing to aver that the defect was caused by the negligence of the third person, and for failing to show that defendant had parted with the control of that part of the mine operated by the third person, or that such third person was not operating it for the benefit of defendant; and for the further reason that all the matters could properly be shown under the general issue, which was pleaded.

5. *Same; Licensee.*—Where a corporation is having a portion of the mine worked under a contract, by the terms of which the contractors mine the ore at a stated price for the owner, and the owner does not lose control of the mine, and still has the duty of inspecting and keeping the mine in a safe condition, an employe of the contractor is not a trespasser, nor a mere licensee, but is there by invitation of the owner who owes him the duty to exercise ordinray care and prudence to see that the mine is reasonably safe.

6. *Same; Inspection; Jury Question.*—Since the extent of the owner's responsibility as to inspecting the mine for the benefit of licensees and those there by invitation depends upon the nature of the

[Tennessee Coal, Iron & R. R. Co. v. Burgess.]

mine and the character of the work required, the frequency with which inspection should be made, becomes a question for the jury.

7. *Master and Servant; Independent Contractors; Precautions Required.*—Where plaintiff was an employe of the contractor working the mine for the benefit of the owner, and it was the owner's duty to inspect the mine and keep it in a reasonably safe condition, and there was negligence in this respect on the part of the owner, in consequence of which plaintiff was injured, the fact that the contractor was an independent contractor, and that plaintiff was in his employ at the time of his injury, is immaterial to plaintiff's right of recovery.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by John Burgess against the Tennessee Coal, Iron & Railway Company for damages for personal injuries received by the falling of a roof of a mine. There was judgment for plaintiff in the sum of $1,500, and defendant appeals. Affirmed.

The facts, as well as the action of the trial court on the pleadings, are sufficiently set out in the opinion. The following charges were refused to defendant: (1) "I charge you that, if the portion of defendant's mine in which plaintiff was injured was in the exclusive possession of Kennedy & Hamilton, you must find for the defendant." (4) "If the jury believe from the evidence that Kennedy & Hamilton were independent contractors, they must find for defendant." (5) "If the jury believe from the evidence that at the time plaintiff must have worked in defendant's mine that the roof of the same was secure, they must find for defendant." (6) "If the jury believe from the evidence that plaintiff was injured in the forty-seventh heading, and that the entire control of getting out the ore from said heading was, under the contract between the defendant and Kennedy & Hamilton, left to Kennedy & Hamilton, they must find for defendant."

PERCY & BENNERS, for appellant. The 2nd plea was good and the court erred in sustaining demurrer to it.—

*Campbell v. Lunsford,* 83 Ala. 512; *Bennett v. R. R. Co.,* 102 U. S. 577. The court should have granted defendant's motion to exclude all of the evidence at the time plaintiff rested his case.—167 U. S. 161; 27 Atl. 616. Kennedy and Hamilton were independent contractors.— *McNamara v. Harris,* 97 Ala. 181; *Massey v. Oates,* 143 Ala. 248; 43 Am. Rep. 456; 23 Am. Rep. 37; 76 Me. 100; 36 Pac. 834. Plaintiff, under all the testimoony was in the employment of these independent contractors.

BOWMAN, HARSH & BEDDOW, for appellee. Counsel discuss assignments of error, and criticize the authorities cited by appellant, but cite no authority.

DENSON, J.—All of the counts of the complaint, except the fourth and fifth, were eliminated; the trial court sustaining demurrers thereto. At the request of the defendant, in writing, the court gave, in respect to the fifth count, the general affirmative charge in its favor; so that it is not only unnecessary, but would be inappropriate here, to consider assignments of error based upon the judgment of the court overruling demurrers to the fifth count, and sustaining demurrers to pleas addressed to that count, notwithstanding these assignments are insisted upon in brief of appellant's counsel.

It is argued in the brief of appellant's counsel that the court erred in overruling the demurrer to the fourth count of the complaint. That ruling is not embraced in the assignment of errors; so we pass the argument by without consideration.—*H. A. & B. R. R. Co. v. Miller,* 120 Ala. 537, 24 South. 955; *Smith's Case,* 130 Ala. 95, 30 South. 432.

The fourth count shows that the defendant was operating an ore mine in Jefferson county, and that the plain-

tiff was injured by "a part of the roof or top ot said mine" falling upon plaintiff, while he was in said mine by invitation of the defendant, and there engaged—not, however, as a servant or employe—in the business of the defendant. In this count plaintiff's injuries are ascribed to the negligence of the defendant, in that it failed to use due care in or about making said roof safe and secure from falling, as it was its duty to do. To this count the defendant pleaded the general issue and three special pleas. Pleas 2 and 3 set up assumption of risk as a defense; plea 2 being in this language: "Plaintiff knew of the defect in the mine of which he complains, and of the danger arising therefrom, and with such knowledge remained in said mine." The correctness of the court's ruling, sustaining the demurrer to this plea, is obvious For aught that appears on the face of the plea, the plaintiff may have acquired the knowledge alleged only a moment before the roof fell, and not in time to save himself by even a hasty retreat.

Plea 4 was held bad on demurrer. It alleges as a defense that: "Plaintiff came into defendant's mine and entered a portion thereof, the operation of which defendant had let under contract to one Hamilton. Plaintiff was an employe of said Hamilton, and the defect in the mine of which plaintiff complains arose and was caused by the operation of said portion of said mine by said Hamilton after plaintiff was invited to enter the mine. Plaintiff was injured in said portion of said mine operated by said Hamilton. Wherefore defendant says it is not liable to plaintiff." The plea does not aver that the defect was caused by negligence on the part of Hamilton, nor does it show that defendant had parted with the control of the part of the mine operated by Hamilton, nor that Hamilton was not operating it for the benefit of the defendant. All the allegations of the plea may be

true, and the mine may have been operated by Hamilton for defendant's benefit (as the proof shows it was) ; and the defendant, so far as the plea shows, may have owed the duty to plaintiff, as alleged in the complaint, to keep the roof of the mine in a reasonably safe condition, and the defendant may also have been guilty of the alleged negligence. On these considerations the court holds the plea bad, and subject to the demurrer thereto sustained. Furthermore, the court is of the opinion that, if the matters alleged in the plea show a good defense to the fourth count, they might have been shown under the plea of the general issue, one of the pleas upon which the trial was had.

The defendant owned and operated Fossil Mine, in Jefferson county. It made a contract with Kennedy & Hamilton, a partnership, to "work out" what was known as "heading No. 47," in said mine, at $25 a running yard for getting out the ore. The plaintiff was employed by Kennedy & Hamilton to work as a "mucker" in said mine at $2,25 a day, and he was so at work in said mine on October 3, 1905, when he received the injuries complained of. He was loading a car, at the time he was hurt, about 12 or 15 feet from the face of the heading. The cause of his leaving the face of the heading was that they were putting in a sump. "They had shot down some ore in putting in the sump, and plaintiff was engaged in clearing it up." The plaintiff explained that a "sump" is a place where they drained the water from the mouth of the slope. It is a hole in the floor of the mine. While he was thus engaged at work a large rock fell from the roof of the mine upon him. While it is true that Kennedy & Hamilton were working a portion of the mines under a contract with the defendant whereby they were mining ore therefrom for defendant at $25 per running yard, and plaintiff was working therein as

an employe of theirs at the time he was injured, yet it also appears that Kennedy & Hamilton were working the mines for the benefit of the defendant. If the evidence is not without conflict to the effect that defendant not only did not lose control of the mines, but that the duty of inspecting and keeping the roof in a safe condition rested upon it, still it certainly affords a reasonable inference that such was the state of the case. Therefore, when the plaintiff entered the mines as an employe of Kennedy & Hamilton, and was hurt, he was not a trespasser, nor a mere licensee; but he and the defendant had a common interest, a mutual advantage, in his being there on its premises and at work in the employment of Kennedy & Hamilton. This being true, it must be held that the plaintiff was in the mines as by invitation from the defendant.—29 Cys. 454 (11) ; Dresser's Employer's Liability, p. 365; *Bennett v. L. & N. R. R. Co.*, 102 U. S. 577, 26 L. Ed. 238; *Plummer v. Dill*, 156 Mass. 426, 31 N. E. 128, 32 Am. St. Rep. 463. In Cooley on Torts we find that the duty which the law imposes upon the owner or occupant of premises to a person who enters thereon by invitation is outlined as the "exercise of ordinary care and prudence to render the premises reasonably safe."—Pages 604, 607. In Cyc. the duty of the owner of premises to one there by invitation is thus stated: "The owner or occupant of premises, who induces others to come upon it by invitation, express or implied, owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger."—29 Cyc. 453; 21 Am. & Eng. Ency. Law (2d Ed.) 471 (4). This is also the rule in this jurisdiction.—*O'Brien· v. Tatum*, 84 Ala. 186, 4 South. 158; *Sloss. etc., Co. v. Tilson*, 141 Ala. 152, 37 South.

427; *Alabama, etc., Co. v. Clements,* 146 Ala. 259, 266, 40 South. 971, and cases there cited.

It is obvious that the duty must vary according to the character of the danger, the nature of the premises, and the circumstances under which they are to be visited. In the present case, manifestly, the duty did not end when plaintiff entered the premises, because, forsooth, at that time they were in a reasonable safe condition. But, taking into consideration the nature of the premises and the kind of work there carried on, in measuring defendant's duty, it may be said to be a matter of common knowledge that the conditions in an ore mine, with respect to the safety of the operatives, are ever and constantly changing—indeed, that every stroke of the pick may be an appreciable factor in the modification of such conditions. This is illustrated by the evidence in the instance case, which tends to show that it was the duty of defendant's servants to inspect the roof of the mines as work progressed, and to timber the roof as occasion required to prevent it from becoming dangerous. In fact, the evidence shows that defendant kept a negro man whose duty it was to timber the roof when necessary to prevent it from falling, and that defendant's "mine captain" had, a week or two before plaintiff was injured inspected the very roof a part of which fell upon plaintiff; and this mine captain testified that whenever any timbering was to be done the company did it. So it may be accurately and truly stated that the extent of the owner's responsibility, in this respect, depends upon the nature of the premises and the character of the work required there, and with what frequency inspections should be made is, generally speaking, a question for the jury.—1 Labatt's Master & Servant, § 158.

If it was a duty the defendant owed plaintiff to inspect the roof and keep same in a reasonably safe con-

dition (and the evidence tends to show it was), and there was negligence on the part of the defendant in this respect, and the injuries to plaintiff were the proximate result of such negligence, then it woud be immaterial that Kennedy & Hamilton were independent contractors, and that plaintiff, at the time he was injured, was an employe of theirs—conceding such status of the parties. This in no wise militates against the principle that the owner of property is not responsible to the servant of an independent contractor, who suffers injury on account of the negligence of such contractor or that of his servant or agent. In the light of the foregoing considerations the defects in charges 1, 4, 5, and 6, refused to defendant, are patent. Said charges were properly refused.

The evidence certainly is not free from inferences adverse to the defendant in respect to its duty to keep the mine safe—that it was in an unsafe condition; that the defendant knew of its unsafe condition, and was negligent in not remedying the defect; and that plaintiff did not know it was unsafe. In this state of the evidence, the general affirmative charges requested by the defendant, and refused, were properly refused; and the case was properly left to the determination of the jury.

Affirmed.

Tyson, C. J., and Simpson and Anderson, JJ., concur.