# Sloss-Sheffield Steel & Iron Co. *v.* Hubbard.

### Injury to Servant.

(Decided April 20, 1915. Rehearing denied May 11, 1915. 68 South. 571.)

1. **Master and Servant; Independent Contractor; Employee.**—Where plaintiff was employed as a workman by an independent contractor mining ore in defendant's mine, defendant owed plaintiff the duty of using reasonable or ordinary care to keep the premises in a reasonably safe condition, so that plaintiff would not be unreasonably or unnecessarily exposed to danger, especially where it maintained an extra gang of men with the foreman in charge whose duty it was to timber the roof of the mine as the work progressed, and as occasion required to prevent it from becoming dangerous.

2. **Same; Delegation of Duty.**—Where plaintiff was injured by a rock falling from the roof of a mine, while in the employment of a contractor mining coal in such mine, which contractor had no duty to perform as to that part of the roof, and no control over it, and there was no contractual relation between plaintiff and one G, who was also mining in defendant's mine, and who had engaged to prop the roof of the entry to the heading in which they were working, the defendant mine owner was liable for plaintiff's injuries, even assuming that G was an independent contractor and not an employee; it being defendant's duty to maintain the roof in a reasonably safe condition, and to guard plaintiff against unnecessary danger, which was a duty not to be delegated either to an employee or a contractor, so as to relieve defendant of liability.

[Sloss-Sheffield Steel & Iron Co. v. Hubbard.]

3. **Master and Servant; Jury Question.**—Under the evidence in this case which is stated, it is held that whether G was an employee of defendant was a question for the jury and was properly submitted to them.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Jim Hubbard against the Sloss-Sheffield Steel & Iron Company for damages for injuries sustained while working in its mine. Judgment for plaintiff, and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and E. L. ALL, for appellant. GOODWYN & ROSS, for appellee.

BROWN, J.— (1) The case was submitted to the jury on the issues presented by the second count of the complaint, and the defendant's plea of the general issue. This count alleged that, while plaintiff was rightfully in the defendant's mine as a workman in the employ of one Baker, who was working for defendant as a contractor engaged in and about mining iron ore for defendant in its mine, a large rock constituting the roof of one of the entries fell upon and injured him. The fact that Baker was an independent contractor, and that plaintiff was an employee of Baker, as alleged in the complaint, does not seem to have been controverted by the defendant in any way, and the trial was had on the assumption that this was the true relation between the parties.—*Travis v. Sloss-Sheffield Steel & Iron Co.*, 162 Ala. 605, 50 South. 108. Under this state of facts the plaintiff was rightfully in the mine on the invitation of the defendant, and it owed him the duty of using reasonable or ordinary care to keep the premises in a safe condition, so that the plaintiff would not be unreasonably or unnecessarily exposed to danger.—*Tenn. Coal, Iron & Railroad Co. v. Burgess*, 158 Ala. 525, 47 South. 1029; *Lookout Mountain Iron Co. v. Lea*, 144 Ala. 169, 39 South. 1017; *Ala. Steel & Wire Co. v. Clements*, 146 Ala. 259, 40 South. 971.

As said by the court in *Tenn. Coal, Iron & R. R. Co. v. Burgess, supra*: "It is obvious that the duty must vary according to the character of the danger, the nature of the premises, and the circumstances under which they are to be visited. In the present case, manifestly, the duty did not end when plaintiff entered the premises, because, forsooth, at that time they were in a rea-

sonably safe condition. But, taking into consideration the nature of the premises and the kind of work there carried on, in measuring of defendant's duty, it may be said to be a matter of common knowledge that the conditions in an ore mine, with respect to the safety of the operatives, are ever and constantly changing; indeed, that every stroke of the pick may be an appreciable factor in the modifications of such conditions."

This is illustrated by the evidence in the instant case, tending to show that the defendant maintained an extra gang with a foreman in charge, whose duty it was to timber the roof in the several entries of the mines as the work progressed and as occasion required, to prevent it from becoming dangerous, and that it was one of the principal duties of the mine foreman to inspect the conditions of the roof of the mines and protect the workmen in the mine from such dangers.—*Tenn. C., I. & R. R. Co. v. Burgess,* 158 Ala. 525, 47 South. 1029; 1 Labatt's Master & Servant, § 158; *Sloss-Sheffield S. & I. Co. v. Stewart,* 172 Ala. 516, 55 South. 785.

(2) But the appellant insists that if the plaintiff's injuries were the proximate result of negligence at all, it was the negligence of one Tom Gamble, who, appellant contends, was an independent contractor, and that it is not liable for his negligence or the negligence of his servants. The proof shows without dispute or room for adverse inference that the rock that fell upon and injured the plaintiff was from the roof of an entry to the heading in which Gamble and his men were engaged in mining, and there is evidence tending to show that Gamble had engaged to prop the roof of the entry in that part of the mine as he proceeded with the work of driving the heading, but thereafter it was defendant's duty to look after the condition of the roof and keep it safe; that the work Gamble was engaged in doing had proceeded until this point had been passed a considerable distance; and that plaintiff's injuries were caused by the condition of the entry, and not the work Gamble was engaged in doing.— *Sloss-Sheffield Stecl & Iron Co. v. Green,* 159 Ala. 178, 49 South. 301.

Plaintiff's employer, Baker, had no control over the place where plaintiff was injured, and no duty to perform with reference thereto, and there was no contractual relation between plaintiff and Gamble, and defendant insists that, it having committed

to Gamble the duty of maintaining the safety of the roof in the entry where plaintiff was injured, it is not liable. In the first place, the defendant could not relieve itself of liability by committing to an independent contractor the performance of a specific duty it owed the plaintiff to maintain this roof in reasonably safe condition, and, whether Gamble was an independent contractor or an employee of the defendant, the defendant would be liable if, as a proximate consequence of his negligence in leaving the roof in a dangerous condition, plaintiff's injuries resulted. The law is that the person upon whom a positive duty is imposed by law cannot delegate in any manner the performance of that duty so as to relieve himself from responsibility for a condition thus created. Both the duty and the responsibility rest where the duty is imposed, and hence the principal is liable for any injury that arises to others from the nonperformance of the duty, or in consequence of its having been negligently performed "either by himself or by a contractor employed by him."—1 Bailey on Pers. Inj. 125 (c) ; *Atlanta & F. R. Co. v. Kimberly,* 87 Ga. 161, 13 S. E. 277, 27 Am. St. Rep. 231; *H. & L. R. R. Co. v. Meador,* 50 Tex. 77; *L. & N. R. R. Co. v. Smith's Adm'r,* 134 Ky. 47, 119 S. W. 241; *Covington v. Cincinnati Bridge Co.,* 61 Ohio St. 215, 55 N. E. 618, 76 Am. St. Rep. 375, and note page 406.

The case of *Republic Iron & Steel Co. v. Luster,* 192 Ala. 501, 68 South. 358, is distinguishable from this case in this: The plaintiff in that case was an employee of the independent contractor, upon whom the duty rested to furnish a reasonably sufficient chain, the breach of which constituted the cause of action, and the injury resulted from performing the work plaintiff was engaged to do.

It was defendant's duty to maintain the entry where plaintiff was injured reasonably safe for the benefit of a class of persons to which plaintiff belonged, and therefore, if plaintiff's injuries resulted from a condition in the roof that was dangerous, and could have been made reasonably safe by the exercise of ordinary care, the defendant is liable, whether Gamble was an employee or an independent contractor.—*Montgomery Street Ry. Co. v. Smith,* 146 Ala. 316, 39 South. 757; *Massey v. Oates,* 143 Ala. 248, 39 South. 142; *Mayor, etc., of Birmingham v. McCary,* 84 Ala. 469, 4 South. 630.

The defendant's liability grows out of the breach of duty it owed the plaintiff to maintain the roof in reasonably safe con-

dition and to guard plaintiff against unnecessary dangers, and not by virtue of any privity of contract between the plaintiff and defendant. The following utterances of the Ohio Supreme Court are appropriate here: "The mining work being done through the firm's own procurement, for their own use and benefit, and upon their own premises, over which they retained a superintendence for the miners' protection, they owed a duty toward the contractor's servants to keep the premises in a reasonably safe condition."—*Kelly v. Howell*, 41 Ohio St. 441; *Johnson v. Ott Bros.*, 155 Pa. 17, 25 Atl. 751; *Foster v. National Steel Co.*, 216 Pa. 279, 65 Atl. 618; *Homan v. Stanley*, 66 Pa. 464, 5 Am. Rep. 389; 1 Bailey on Pers. Inj. § 42, subd. "i;" *Lake Superior Iron Co. v. Erickson*, 39 Mich. 492, 33 Am. Rep. 423; *Stevens v. United Gas & Electric Co.*, 73 N. H. 159, 60 Atl. 848, 70 L. R. A. 119; *Anderson v. Fleming*, 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119; *Bright v. Barnett & Record*, 88 Wis. 299, 60 N. W. 418, 26 L. R. A. 524; *Deming v. Terminal Ry. Co.*, 169 N. Y. 1, 61 N. E. 983, 88 Am. St. Rep. 521; *The Saranac* (D. C.) 132 Fed. 936.

(3) It is also clear that the question as to whether Gamble was an employee of the defendant, under the evidence, was for the jury, and not one of law for the court.—*Stith Coal Co. v. Harris, infra*, 68 South. 797; *Drennen & Co. v. Smith*, 115 Ala. 396, 22 South. 442; 1 Bailey's Personal Inp. § 38, p. 107. While the evidence shows that Gamble was paid by the car for the ore mined under his supervision, and that he was authorized to hire the men that worked with him, the evidence is also without conflict that the men so employed were paid by the company, and the amount of their wages deducted from the amount accredited to Gamble for mining, and that the company still retained control of the heading where Gamble worked, he performed the work subject to the defendant's orders. There was evidence from which the jury had the right to infer that the defendant furnished the tools, machinery, and other instrumentalities used in the work committed to Gamble, and the evidence showed that the defendant's foreman and superintendent reserved the right to discharge Gamble or his men at pleasure, and that it maintained a regular gang to keep up the entries and maintain the safety of the ways of the mines, and the defendant's mine foreman directed the work, and, under the evidence, the question as to whether the plaintiff's injury was proximately caused by negligence, and as

to whether the negligence was that of the defendant or its servants, was for the jury. All the written charges specially requested by the defendant and the refusal of which is insisted upon as error assume that Gamble was an independent contractor, and that the defendant was not liable for any negligence on his part. In this they were an invasion of the province of the jury, and therefore well refused.

No error appearing upon the record, the judgment of the city court is affirmed.

Affirmed.