(89 South. 389)

## FREEMAN v. WORTHINGTON.

(6 Div. 991.)

(Supreme Court of Alabama. Jan. 13, 1921. Rehearing Denied May 19, 1921.)

1. Master and servant ⬤⟹284(2)—Mines and minerals ⬤⟹118—Whether injured person, employed to mine for another, was employé or invitee held for jury.

Where in an action for injuries to plaintiff, employed to mine for defendant, evidence showed that he furnished his own shooting material, and employed and paid his help, while defendant paid him an agreed price per load of ore, maintained the ways and roof, furnished the trams, supervised the work, and maintained a gang to do the timbering, it cannot be affirmed as a matter of law that plaintiff was an employé and not an invitee.

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Mines and minerals ⊙⇒118—When one employed to mine for another entitled to recover for injury, though mere invitee.**

It being shown in an action for injury to one employed to mine by defendant, that the mining was being done through defendant's procurement, for his benefit and on his premises, over which he retained superintendence and control, maintaining a special timber gang to properly timber the roof to protect miners, if defendant or his timbermen were negligent in properly timbering the roof, and as a proximate consequence plaintiff was injured, he, in the absence of negligence proximately contributing to his own injury, would be entitled to recover, though a mere invitee and not an employé.

**3. Mines and minerals ⊙⇒118—Question of injured person's contributory negligence held for jury.**

In an action for injury to one employed to mine for another whether or not he was guilty of negligence proximately contributing to his injury *held* for the jury.

**4. Mines and minerals ⊙⇒118—Instruction that if piece of ore being quarried fell from roof and struck bar, causing latter to injure person employed in mining for another, he could not recover held proper.**

When in an action for injury to plaintiff while employed in mining for defendant, caused by material falling from the roof, there was evidence that the substance which fell on his bar and injured him was a piece of ore he was quarrying, and not a rock which it was alleged defendant's timbermen had insufficiently propped, a special charge, requested by defendant, that if while plaintiff was quarrying ore from the upper rib a piece of such ore slipped on his bar and caused the latter to injure him, defendant could not recover, was properly given.

**5. Trial ⊙⇒253(9)—Instructions on contributory negligence held erroneous, as pretermitting consideration of evidence of negligence.**

In an action for injuries to plaintiff employed in mining for defendant when struck by a rock falling from the roof, owing to the alleged negligence of the owner's servants in insufficiently propping the same, defendant's charges that if the roof was sound, and plaintiff, after firing some shots, returned to his place of work, found the timber intact, was an experienced ore miner, examined the roof, which appeared to be safe, and immediately began to quarry, whereupon a piece of the rock fell and injured him, and it was his duty to inspect the roof after firing shots before going to work, he could not recover, were erroneous, as pretermitting consideration of evidence showing negligence of defendant's timbermen in timbering the rock, thus invading the province of the jury.

Appeal from Circuit Court, Jefferson County; Charles W. Ferguson, Judge.

Action by Jim Freeman against Thomas Worthington. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The plaintiff stated his case in several counts, the facts alleged in each being that he was employed by the defendant in his mine, and that a rock or other hard substance fell from the roof thereof, injuring him. Count 3 alleged wanton or willful neglect in knowing the condition ·of the roof, and that a rock would probably fall, and a wanton failure to remedy by propping, etc. Count A alleged the negligence of the servants or agents of the defendant, acting within the line and scope of their employment in negligently permitting the rock to fall on the occasion complained of.

The following charges were given at the request of defendant:

Assignment 3. If you are reasonably satisfied from the evidence in this case that the plaintiff was quarrying ore from the upper rib, and that while doing so a piece of ore slipped on his bar and caused the same to injure him, you cannot find a verdict for the plaintiff.

Assignment 4. If you are reasonably satisfied from the evidence that the roof was sound, the defendant was not guilty of negligence, and you cannot find for the plaintiff.

Assignment 5. If you are reasonably satisfied from the evidence that after plaintiff had fired the said shots he returned to his place of work, and found the timber intact as before the said shots were fired, and that plaintiff was an experienced ore miner, and that he examined the said roof and the said rock, and that the same appeared to be safe, and that immediately he began to quarry, and that a piece of the rock fell and inflicted his alleged injuries, then your verdict must be for the defendant.

Assignment 6. If you are reasonably satisfied from the evidence in this case that the plaintiff, Jim Freeman, was an experienced ore miner, that he examined the said roof and the said rock, and that at the time he so examined them the said roof and the said rock was in the opinion of said Freeman reasonably safe, and that immediately thereafter, while he was engaged in quarrying the ore at or near the said rock, the same fell upon him and injured him, then you cannot find a verdict in favor of the plaintiff.

Assignment 7. If you are reasonably satisfied from the evidence in this case that after the plaintiff fired the shots in said heading that he went into said heading and inspected said roof and said rock, and that it appeared to plaintiff to be safe, and that thereafter he began quarrying, and said rock fell and injured him, then you cannot find for the plaintiff, if you are further reasonably satisfied from the evidence that it was plaintiff's duty to inspect said roof after said shots before going to work.

Charles J. Dougherty and Beddow & Oberdorfer, all of Birmingham, for appellant.

Without citation of authority, counsel insist that the court erred in withdrawing count 3 from the jury. Count A was improperly withdrawn from the jury. 149 Ala. 495, 42 South. 821. Counsel discuss assignments of error 3 and 4, but without citation of authority. Assignment 5 was good, and

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the court erred as to that charge. 150 Ala. 361, 43 South. 579; 174 Ala. 593, 56 South. 539; 168 Ala. 626, 53 South. 162; 171 Ala. 263, 55 South. 181; 178 Ala. 515, 59 South. 445. On these authorities counsel insist that assignments 6 and 7 should be sustained.

Tillman, Bradley & Morrow, of Birmingham, for appellee.

Defendant was entitled to a directed verdict as a matter of law. 183 Ala. 131, 62 South. 536; 182 Ala. 665, 62 South. 70; 125 Ala. 178, 27 South. 781; 133 Ala. 281, 32 South. 15.

BROWN, J. The affirmative charge as to count 3, requested by the defendant, was properly given. The evidence is not such as to warrant a recovery for wantonness.

[1] The plaintiff, when injured, was engaged in driving a heading in the defendant's mine, and the evidence shows that he furnished his shooting material, employed and paid his help, and the defendant paid him an agreed price per load for the ore mined. The defendant maintained the ways and the roof of the mine, and furnished the trams for carrying the ore out of the mine to the wagon. The work was being done under the supervision of the defendant and his servants, and the evidence shows that he (defendant) maintained an extra gang known as the timber gang, whose duty it was to look after the roof of the mine, provide timbers, and do the necessary timbering to maintain the roof in a reasonably safe condition.

There was evidence tending to show that plaintiff received his injuries as the result of the falling of a piece of sandstone which constituted a part of the roof, and that this stone fell because of improper or insufficient timbering; that before the injury plaintiff had given notice to Scott, the superintendent of the timber gang, and Smith, the foreman of the timber gang, and Smith and his men undertook to prop or timber the roof over plaintiff's place of work, and that Smith told plaintiff that he thought it was safe, and for him to "go ahead."

[2] From this evidence it cannot be affirmed as a matter of law that the plaintiff was an employé and not an invitee of the defendant, and unless the giving of the affirmative charge as to count A can be justified on other grounds the court erred in giving this charge. It being shown that the mining was being done through the defendant's procurement, for his benefit, and on his premises, over which he retained superintendence and control, maintaining a special timber gang to properly timber the roof for the protection of the miners, if the defendant or his timbermen were guilty of negligence in respect to their duty to properly timber the roof, and as a proximate consequence of such negligence the plaintiff was injured, he, in the absence of negligence on his part proximately contributing to his injury, would be entitled to recover, though he was a mere invitee and not an employé. Tenn. Coal, Iron & R. R. Co. v. Burgess, 158 Ala. 525, 47 South. 1029; S. S. S. & I. Co. v. Hubbard, 14 Ala. App. 139, 68 South. 571, and cases there cited.

[3] But the appellee insists that the evidence shows that it was plaintiff's duty after firing the shot to inspect the roof over his place of work and make it safe by pulling down the stone and other substance, and that the evidence shows, without room for adverse inference, that he was guilty of negligence in failing to properly inspect the roof over his place of work after making the shot and before proceeding, or that he used methods in making the test or inspection from which the law will impute to him negligence.

While the plaintiff's testimony on cross-examination is somewhat confused and may tend to show that while he was testing the roof, as was his duty to do, he prized or pulled the rock from the roof and caused it to fall upon him, and therefore was guilty of negligence which proximately contributed to his injury, yet when his testimony is considered as a whole it is reasonably susceptible of the construction, and it was open for the jury to find therefrom, that he was quarrying down the ore loosened by the shot, or a rock other than the one which the timbermen had undertaken to prop or timber, and in so doing the rock which had been insecurely or insufficiently timbered fell from the roof upon his bar and injured him, and therefore it was for the jury to say whether or not he was guilty of negligence which proximately contributed to his injury. Birmingham Min. & Cons. Co. v. Skelton, 149 Ala. 465, 43 South. 110; Tenn. Coal, Iron & R. R. Co. v. Burgess, supra; Pioneer Min. & Mfg. Co. v. Smith, 150 Ala. 56, 43 South. 561; L. & N. R. R. Co. v. Handley, 174 Ala. 593, 56 South. 539; Little Cahaba Coal Co. v. Gilbert, 178 Ala. 515, 59 South. 445.

[4] If the substance which fell upon the defendant's bar and caused the injury was a piece of ore he was quarrying—as some of the evidence tends to show—and not the rock which the defendant's timbermen had assumed to prop, the plaintiff was not entitled to recover. Therefore special charge, requested by the defendant, and made the basis of assignment of error 3, was properly given.

[5] Special charges made the basis of assignments of error 4, 5, 6, and 7, given at the request of the defendant, pretermit consideration of phases of the evidence tending to show negligence on the part of the defendant's timbermen in timbering the rock which fell upon the plaintiff and caused his injury, and therefore these charges invaded the province of the jury, and the court committed error in giving them. The other assignments of error involve questions that will probably not arise on another trial.

For the errors pointed out, the judgment of the circuit court will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.