In case no. 1021953, I concur in the result, because I view Alabama law as *Page 1104 
requiring enforcement of the indemnity agreement, which is part of the subcontract entered into by Penwal. To allow the indemnitor to escape because its insurer is insolvent requires us to rewrite the contract.
In case no. 1021938, I dissent. Generally, a prime contractor is not liable to an employee of an independent subcontractor that caused an injury to the employee. But a prime contractor is liable for injuries to the employee of a subcontractor caused by the prime contractor's own negligence. See Knight v. Burns,Kirkley Williams Constr. Co., 331 So.2d 651, 655 (Ala. 1976), citing Southern Minerals Co. v. Barrett, 281 Ala. 76,199 So.2d 87 (1967), and Tennessee Coal, Iron R.R. v. Burgess,158 Ala. 519, 47 So. 1029 (1908). In Southern Minerals, this Court recognized that a general contractor was in control of and occupied the premises in the same manner as an owner, making the employee of a subcontractor an invitee. The invitor has a duty to use ordinary or reasonable care to keep its premises in a reasonably safe condition and that duty is breached on proof of negligence. Id. The Court concluded: "There is no question that defendant had the duty of exercising reasonable or ordinary care to keep the premises in a reasonably safe condition for the employees of the sub-contractor." 281 Ala. at 83,199 So.2d at 92. Accord, Pate v. United States Steel Corp., 393 So.2d 992,994 (Ala. 1981) ("A prime contractor has the duty of providing the employees of its subcontractors a safe place to work.").
Turner, the prime contractor, assumed responsibility by contract with Penwal to "furnish temporary lighting for night shifts sufficient to allow assembly." Under the evidence before the trial court, the lighting tree was working only on one side and was therefore inadequate.
In H.R.H. Metals, Inc. v. Miller, 833 So.2d 18 (Ala. 2002), we quoted from Tennessee Coal, Iron R.R. v. Sizemore,258 Ala. 344, 350, 62 So.2d 459, 464 (1952), for the proposition that when the complaint shows that the breach of the contract was also a negligent failure to perform a duty that the law imposes by reason of such contract, "`the injured employee, who is a party to the contract or one for whose direct benefit it was made, may sue for its breach in assumpsit, or may sue in tort fornegligence in failing to perform a duty imposed by law.'" 833 So.2d at 25 (emphasis added). I do not see how Stovall's disavowal of a remedy as a third-party beneficiary and her election to sue in negligence is determinative. I would reverse the summary judgment in favor of Turner.
HARWOOD, J., concurs.