# Sloss Iron & Steele Co. v. Knowles.

*Action to recover Damages for Personal Injuries.*

1. *Action for personal injuries; when plaintiff can not recover by reason of having assumed risk incident to his occupation.* In an action to recover damages for personal injuries alleged to have been caused by reason of the negligence of the defendant, which was a mining corporation, where the evidence shows that the plaintiff, at the time of the injury, was at work in the mines of the defendant, by the latter's invitation and consent, but not as a servant or employee, and that with knowledge of the dangerous condition of the mine at the place where the injury occurred, by reason of props not being put under the roof of the slope to prevent the falling of rock, and that the plaintiff who was an experienced miner continued his work, and while so engaged sustained the injuries complained of by reason of rocks falling from the roof, which had not been properly propped up, the plaintiff is not entitled to a recovery of damages; he having assumed the risks incident to his continuing his work with the knowledge of the dangerous condition of the surroundings.

2. *Pleading and practice; when judgment on demurrers insufficient.* The recital in a judgment entry that the "demurrer to each count of the complaint is overruled by the court," constitutes no judgment upon the demurrer, and is insufficient to present such ruling to the Supreme Court for review on appeal.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was an action in the circuit court of Jefferson county brought by T. S. Knowles against the Sloss Iron

& Steel Company for damages on account of personal injuries sustained by the plaintiff by the falling of rock from the roof of an iron ore mine in which plaintiff was working at the time. The complaint contained twelve counts, but upon the trial the court gave the general affirmative charge to find for the defendant on eleven of the counts, leaving only the third count for the jury's consideration. The third count of the complaint was in words and figures as follows: "The plaintiff claims of the defendant, a private corporation, the sum of $25,000 damages, in this, that on and prior to the 3d day of September, 1896, the defendant was operating an iron ore mine near Irondale, in said county, and was engaged in opening or extending a subterranean entry in said mine; that plaintiff by invitation of defendant was assisting in opening or extending said entry, and while plaintiff was so engaged in said work a large piece of rock or stone or other substance fell from the roof of said entry, crushing plaintiff's body, greatly bruising, wounding and larcerating his body, arms, legs and hips, and injuring his back or spine. * * * And plaintiff avers that said accident and said injuries were caused by the negligence of the defendant in this, that as said entry was driven in said mine it was necessary for the roof of the same to be propped to prevent its falling; that it was the duty of defendant, when notified, to cause said roof to be propped, and plaintiff avers that said entry had been driven so that it became necessary to prop said roof, and that defendant's servant or servants, whose duty it was to prop said mine, had been notified that said roof needed to be propped, but defendant's said servant or servants negligently failed to prop said mine, and because thereof said roof or a portion therof fell, inflicting the injuries aforesaid, whereupon he sues."

There were several demurrers interposed to this count of the complaint, but it is unnecessary to set out these demurrers at length; the judgment entry in reference to the rulings upon the demurrers being "The demurrer to each count of the complaint is overruled by the court."

The defendant pleaded the general issue and several special pleas, in which he set up the contributory negli-

[Sloss Iron & Steel Co. v. Knowles.]

gence of the plaintiff, and that the plaintiff had assumed the risks complained of. Issue was joined on these several pleas.

It was shown by the evidence that the defendant was the owner of a certain iron ore mine in which were many different entries; that these entries were worked by separate contractors, under contract with the defendant; that the plaintiff was, at the time of the accident, an employee of his brother, John Knowles, who had the contract for driving entry No. 8 in said mine; and that it was while at work in this entry that the plaintiff was injured. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence the defendant requested the court, among others, to give to the jury the following written charge: "If the jury believe the evidence in this case, they must find the verdict for the defendant." The court refused to give this charge, and to this ruling the defendant duly and separately excepted.

There were verdict and judgment for the plaintiff, assessing his damages at $10,000. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, PORTER & WALKER and TILLMAN & CAMPBELL, for appellant.—The doctrine of assumed risk and that of contributory negligence rest on different bases and the former does not have to be pleaded specially. Bailey Per. Inj. (2d ed.), §§ 943-944-947-948; Wood's Master & Serv. (2d ed.), p. 382; *Smith's case*, 1 S. W. Rep. 580. There was no duty on defendant to furnish plaintiff a reasonably safe place in which to do his work of "assisting in extending the subterranean entry." This case is not within the rule of "safe place." *Consolidated Co. v. Clay*, 51 Ohio St. Rep. 542; *Aurora I. & M. Co. case* (Mich.), 66 N. W. Rep. 951; *Fraser case*, 45 Minn. 237; *Butler v. Townsend*, 126 N. Y. 110; *Carleson case*, 28 Pac. Rep. 497; *Finlayson case*, 67 Fed. Rep. 507; *Hahn case*, 111 U. S. 313; *Perry v. Marsh*, 25 Ala. 659.

[Sloss Iron & Steel Co. v. Knowles.]

Under the facts shown the plaintiff assumed the risk of doing the work.—*Hahn case*, 111 U. S. 313; *Finlayson case*, 67 Fed. Rep. 507; *Linton Coal Co. case* (Ind.), 43 N. E. Rep. 652; *Consolidated Co. v. Clay*, 51 Ohio St. 542; *Aurora I. M. Co.* (Mich.), 66 N. W. Rep. 951; *Allen case*, 99 Ala. 359; *Kohn case*, 147 U. S. 238; Bailey Per. Inj. (2d ed.), 777, *et seq.; Eureka Co. v. Bass*, 81 Ala. 200; *Perry v. Marsh*, 25 Ala. 659; *Jones case*, 86 Pa. 441.

A party assisting at work by invitation is a fellow servant of those engaged in the common employment and assumes the risk of negligence.—*Wischam case* (Pa.) 10 L. R. A. 97; *Aurora Iron M. Co. case* (Mich.), 66 N. W. Rep. 951; *Mining Co. v. Clay*, 51 Ohio St. 542; *Waddell case*, 112 Pa. 567; *Smoot case*, 67 Ala. 13.

The measure of defendant's duty to plaintiff was that of a licensor to a licensee.—Beach Con. Neg. 51; *Galveston Oil Co. case*, 70 Tex. 400; *Mathews case*, 51 N. J. L. 30; *Reardon case*, 149 Mass. 267; *Balch case*, 7 Hurl & N. 736; *Farris case* (Ind.), 33 N. E. Rep. 1028.

If plaintiff was assisting in the work by invitation of defendant he was bound to use due care, and the defendant did not owe him any duty to inform him of conditions which he knew or by ordinary care could have ascertained.—*Tatum case*, 84 Ala. 186-189; *Lunsford case*, 83 Ala. 512; *Bennett case*, 102 U. S. 577; *Linton Coal Co.* (Ind.), 43 N. E. Rep. 652.

Mining, however prudently managed, is attended with risks which those engaging therein are held to knowingly assume, and the defendant was authorized to treat plaintiff as possessed of sufficient knowledge of the work and his surroundings.—*Linton Coal Co. case* (Ind.), 43 N. E. Rep. 652; *Jones case*, 86 Pa. 441; *Kohn case*, 147 U. S. 238.

LANE & WHITE and H. C. SELHEIMER, *contra*.—To be guilty of contributory negligence, or to assume the risk, the party must have known not only the surroundings, but also the dangers attending them.—Bailey on Liability for Injuries to Servants, 172, 185; *Cook's case*, 24 N. W. Rep. 311; *Graham v. Newburg Ore, Coal & Coke Co.*, 18 S. E. Rep. 584; *Rothenberger v. Northwest-*

*ern Consolidated Milling Co.,* 59 N. W. Rep. 531; *Chicago & Alton R. R. Co. v. Maroney,* 48 N. E. Rep. 953; *George v. Clark,* 85 Fed. Rep. 608.

The plaintiff knew that the defendant was in duty bound to furnish the props, and he had a right to assume that it would do so within a reasonable time after it was requested to do so. And in the absence of proof that he knew the work he was engaged in to be dangerous or that the stone would probably fall, he was justified in continuing the work. To say the least, it was a question for the jury.—*Eureka Co. v. Bass, Admr.,* 81 Ala. 201; *Soeder v. St. Louis & C. Ry.,* 18 Am. St. Rep. 729; *Magee's case,* 12 Am. St. Rep. 69.

The general affirmative charge should never be given when there is any evidence from which the jury can draw an inference favorable to the party against whom the charge is asked.—*Glass v. M. & C. R. R. Co.,* 94 Ala. 591; *Tenn. C. I. & R. R. Co. v. Stevens,* 115 Ala. 462; *Home Protection of North Alabama v. Whidden,* 103 Ala. 203.

DOWDELL, J.—The plaintiff sues for damages alleged to have been sustained on account of personal injuries received by him caused by rock falling upon him from the roof of an iron ore mine while engaged at work in said mine, which was the property of the defendant corporation, the Sloss Iron & Steel Co.

The complaint contained twelve counts. Upon eleven of these the court gave the general charge in favor of the defendant, and upon the remaining count, which was the third, the jury gave a verdict for the plaintiff, and from the judgment rendered on this verdict the present appeal is prosecuted. The third count of the complaint, which is the one before us for consideration, is based upon the alleged negligence in the performance of a duty growing out of the relation of the owner of the property to one who is by invitation of such owner assisting in developing the same, and while so engaged receives personal injuries.

It is not pretended under this count that the plaintiff was the servant or employe of defendant at the

time of the alleged injury for which damages are here claimed. This count avers that the defendant was operating an ore mine and was engaged in opening or extending a subterranean entry in said mine; that plaintiff, by invitation of defendant, was assisting in opening or extending said entry, and while plaintiff was so engaged in said work he received his alleged injuries, caused by rock falling upon him. One contention of appellant, that the plaintiff was nothing more than a licensee, we need not consider, as under our view of the case, on the plaintiff's theory of one injured while engaged at work on mere invitation of the owner of the premises, on the undisputed evidence in the case he is not entitled to a recovery. The work at which plaintiff was engaged when injured, that of extending an entry in an iron ore mine, being at the time 400 feet subterranean, was one of hazard and of danger, and in its nature attended with risks that human foresight and skill cannot always guard against. That the plaintiff, in doing the work in and about which he was engaged, voluntarily assumed the risks incident to said work, as a proposition of law might be said to be axiomatic. The rule applied where the relation of master and servant—employer and employe— exists is that the latter assumes the risks incident to his employment, and certainly the plaintiff here can stand on no higher ground. In *Linton Coal Co. v. Pearson*, 43 N. E. Rep. (Ind.), 652, where the question of the risks assumed by one working in a mine is discussed, the court said: "And when it is said that the servant assumes the risks of danger of which he has knowledge, it is not meant that he assumes no risks except from dangers of which he has actual knowledge or which are patent, for he does assume the risk of latent as well as patent dangers which are a natural incident to the service and which it is not the duty of the master to guard against; that is, dangers, whether visible or invisible, known or unknown, at the time of the employment, if they are such as naturally arise from the nature of the work to be performed, he assumes. It is for this reason that he is required to exercise reasonable care to ascertain and know the dangers which may exist, or

even arise suddenly and confront him during his service." In Bailey's Master Liability, pages 162, 163, 164, it is said: "He must use reasonable care in examining the surroundings to observe and take such knowledge of dangers as can be attained by observation. In performing the duties of his place he is bound to take notice of the ordinary operation of familiar laws and to govern himself accordingly. If he fail to do so the risk is his own He is bound to use his eyes and see that which is apparent to any person using his eyes, and if the defect is obvious and suggestive of danger, knowledge on the part of the servant will be presumed, as well as when the dangers are of common knowledge."

Notwithstanding the plaintiff's statement of his ignorance of the danger and liability of the roof to fall in, his further examination showed that he was not without experience in mining ore, and the evidence further showed that he knew props were necessary and were used to support the roof and prevent the same from falling in. He had assisted in putting in these props, which were usually in an entry the width of the one which he was assisting in extending set up in three rows and about three feet apart in a line running with the mine as the entry was extended; that on the evening before the accident occurred, after a shot or blast had been made with dynamite in the ore in the face of the entry and preparatory to a further extension of the entry, he assisted in putting in the two "miner's props," and in fixing a place for the "tramway prop," which latter it was the duty of the company to put in when notified. On the following morning, with the knowledge of the conditions and surroundings, and that the tramway prop had not been put in, he began to break ore which had been broken down by the blast made the evening before, and while thus engaged, at a point under the unsupported roof and where he had assisted in fixing a place for the third prop—the tramway prop —to be set, and which he knew to be necessary, he was injured by falling rock from the unsupported roof. Under these facts, whether considered with reference to the doctrine of assumed risks, or contributory negli-

gence, we think it clear that the plaintiff was not entitled to recover. The case here presented is not only one where a person of ordinary intelligence would be presumed to know the dangers and hazards incident to the employment, and one where an ordinarily prudent man would exercise reasonable care to guard against the same, but the facts show actual knowledge on the part of the plaintiff of existing conditions at the point where he was hurt that would have suggested to a man of ordinary intelligence the perils of the situation, and such as should have been avoided in the exercise of ordinary care and prudence. Unquestionably his knowledge of conditions and surroundings at the time of the accident was equal to, if not better than, that of the defendant, and in this respect it becomes unimportant as to whether the defendant had been notified to put in the tramway prop or not, or whether it had negligently failed to do so after notice. The case of *O'Brien v. Tatum*, 84 Ala. 186, where the plaintiff was by invitation on the premises of the defendant and was injured by falling into the pit of an open elevator which was unguarded, is conclusive of this case and against the right of plaintiff's action. There it was said by this court: "If from the evidence the jury should find that the defendant was not negligent in leaving one side of the opening exposed, or, if negligent in this regard, that plaintiff had knowledge of the existence of the elevator, or, if ignorant of its existence, he was notified of the danger in time to avoid the injury, and did not use ordinary care, in either event he was not entitled to recover." Here the evidence showed a knowledge of existing conditions that would suggest to an ordinarily prudent man the danger of the falling rock, and moreover, the evidence shows that he had been cautioned as to the necessity of having in the props. We are of the opinion that the general charge requested by the defendant should have been given, and that the court erred in its refusal.

The recitals in the record as to the rulings on demurrer, as has been repeatedly held by this court, are insufficient to show any judgment by the court on the demurrers, and the assignments of error relating there-

to will not, therefore, be considered. We deem it unnecessary to consider other assignments after what we have said above in regard to the evidence and the law governing the case.

Reversed and remanded.

