[Alabama Steele & Wire Co. v. Clements.]

# Alabama Steele & Wire Co., v. Clements.

*Action for Damages for Personal Injuries to Licensee.*

(Decided April 30, 1906.  40 So. Rep. 971.)

1. *Appeal; Amendments; Record.*—The proper practice is that the minute entry should show amendments to the pleadings, but if the amendment is shown by the) record, and the certificate of the clerk is appended stating that the record contains a true and correct copy of the records and proceedings in the cause, it cannot be insisted for the first time on appeal that such amendments were improperly allowed and improperly in the records.

2. *Master and Servant; Injury to Servant; Complaint; Naming Servant Charged with Negligence.*—It is necessary to name the fellow servant whose negligence is counted on, or state that his name is unknown to the pleader, to render a complaint good under subd. 3 of § 1749, Code 1896.

3. *Same; Negligence in Giving Orders.*—Under subd. 3 of § 1749 Code 1896, a count which alleges that plaintiff was injured by reason of the negligence of a person in the employ of defendant who directed plaintiff to have no light with him, and to whose orders plaintiff was required to conform, and as a result plaintiff fell through a hole, was defective in failing to allege that the orders were negligently given.

4. *Negligence; Condition of Premises; Care as to Persons Invited thereon.*—Where the owner or occupier of premises, either directly or impliedly, induces another to come on such premises, he thereby assumes a duty to see that the premises are in a reasonably safe condition for the use for which the invitation was extended, that the person there by invitation may not be injured by them.

APPEAL from Jefferson Circuit Court.

Heard before HON. A. A. COLEMAN.

Action by Tom E. Clements against the Alabama Steel & Wire Co.  There was motion to strike bill of excep-

tions, because not signed in time. The evidence did not tend to support the allegations of count B. The other tendencies of the evidence are sufficiently stated in the opinion of the court.

This cause was tried on counts B, C, and D. Count B is in the following language: "The plaintiff claims of the defendant $30,000 damages, for that, on the 21st day of July, 1903, plaintiff was by invitation of the defendant, its agent or servant, who had authority in the premises at Virginia Mines in Jefferson county, and while at Virginia Mines, after nightfall and while it was dark, defendant having negligently allowed a large hole or open space to be and remain on a tipple at said mine where plaintiff was invited to go, and through which hole plaintiff fell a distance of 20 feet, dislocating his hip and injuring him in his leg, making him sick and sore from said injuries, and making him unable to earn money. Plaintiff avers that his said injuries were proximately caused by reason of the wrongful act or negligence of the defendant, its servant, or agent, who had authority, in this, to-wit: That defendant's agents or servants, who had superintendence intrusted to them, allowed said hole or opening on the tipple, where the plaintiff was invited to be and to go, to be and remain open and dangerous for the plaintiff in the night time, without proper signals or light to warn plaintiff of the danger in said place; and the plaintiff avers that the said negligence of the defendant's servants or agents was the proximate cause of his injuries as aforesaid, from which he sustained great physical and mental pain, to his great damage as aforesaid." Count C: "Plaintiff claims of the defendant corporation $30,000 as damages, for that on, to-wit, July 21, 1903, plaintiff was the employe or servant of defendant corporation, and while acting in the discharge of his duties, as such employe or servant, and by reason of and as a proximate consequence of the negligence of a person in the service or employment of the defendant, who directed plaintiff to have no light with

him, and to whose orders or directions the plaintiff was at the time bound to conform and did conform, and as a proximate result of his having so conformed plaintiff walked or fell through an opening or hole in the top house at Virginia Mines, where defendant had him employed at a place of business operated by defendant through its agents or servants. And plaintiff avers that by and from said fall his hip, arm, and side were seriously injured and bruised, and that said injuries are permanent in their nature, and he has and will suffer great mental and physical pain therefrom, and lose money and time." Count D: "Plaintiff claims of the defendant the sum of $30,000 as damages, for that on, to-wit, July 21, 1903, plaintiff was wilfully, wantonly, or intentionally injured by the defendant's agents and servants (who had authority and superintendence in the premises, but whose names are unknown to this plaintiff), while in the discharge of their duties, in that they or one of them, knowing the dangers to this plaintiff, directed plaintiff to go upon the top house, and well knowing that a hole or opening was in the floor (unknown to plaintiff), and that it was dark, and that plaintiff would probably or likely fall in said hole or opening, a distance of 30 feet, and his hip was thereby dislocated, his body bruised and made sore, and plaintiff caused to suffer grevious physical and mental pain; hence this suit."

The defendant assigned to each of said counts separately and severally the following grounds of demurrer: "(1) It does not appear from said count in what respect defendant's agents or servants were negligent or in what respect defendant was negligent. (2) It does not appear from said count that defendant owed any duty to plaintiff to keep its premises in any other condition or state than they were when plaintiff was injured. (3) It appears that the negligence compalined of was that of a fellow servant of plaintiff and avers no facts showing that defendant is liable therefor to plaintiff." And to count B of said complaint he assigned the following

grounds: "(1) Said count is unintelligible and incoherent. (2) Its averments are inconsistent and repugnant. (3) It joins a cause of action under the common law and under the employer's liability act. (4) It does not appear that the defendant's agent whose negligence is complained of had knowledge or notice of the fact that plaintiff would go, or would be likely to go, upon said tipple. (5) It does not appear that plaintiff was invited to go upon said tipple. (6) It does not appear that defendant invited plaintiff to go upon said tipple in the night. (7) It is not made to appear that the hole or opening through which plaintiff fell was obviously dangerous and apparent. (8) It does not appear how defendant was guilty of negligence, or that there was any negligence resulting in the injuries complained of chargeable to the defendant, save by way of recital or conclusion. (9) The averments of negligence are mere conclusions of the pleader. (10) It does not appear that the agents or servants of defendant were acting within the scope of their authority in inviting plaintiff to go upon said property. (11) It does not appear in what the alleged wrongful act or negligence consisted." To count C the defendant filed the following special and additional grounds of demurrer to those hereinbefore assigned: "(1) Said count does not show that plaintiff was directed to go on said top house without a light. (2) It does not show that at the time plaintiff was injured he was complying with the order of any person to whose order he was bound to conform and did conform and was injured as the proximate result of having so conformed. (3) Said count does not show any negligent order or direction given to plaintiff by any person to whose order or direction plaintiff was bound to conform which proximately contributed to the injury conplained of." To count D defendant assigned the following special and additional grounds of demurrer: "(1) It is not shown that the servants or agents who directed plaintiff to go on said house were at that time servants or agents for whose act the defendant is

responsible. (2) It is not averred that the names of the person to whose negligence the injury is ascribed are unknown to the plaintiff, and their names are not given. (3) It is not averred that the person or persons to whose action the alleged wanton injury was ascribed were intrusted with superintendence over plaintiff, or that he was negligent in the exercise of such superintendence. (4) It is not alleged that the plaintiff was bound to conform, and that he was injured by reason of having conformed, to the orders of the person or persons whose alleged act caused the injury. (5) It does not appear that the action complained of proximately caused the injury. (6) It does not appear that plaintiff was in the employ of defendant when the injury occurred. (7) It does not appear that the actions complained of were either wanton, willful, or intentional. (8) It does not appear that the defendant's agents or servants had any superintendence over plaintiff in respect to the matters therein averred." There were other grounds of demurrer not necessary to be here set out.

LEADBEATTEN & JOHNSON, for appellant.—The demurrers should have been sustained to count B.—*L. & N. R. R. Co. v. Hall*, 87 Ala. 708. No duty arises to warn a licensee of an obvious danger.—*North B'ham. etc. v. Wright*, 130 Ala. 419; *Boland v. L. & N. R. R. Co.*, 106 Ala. 641; *L. & N. R. R. Co. v. Boulding*, 121 Ala. 197. Conclusions and inferences as to plaintiff's right to be where the accident occurred are ineffective.—*N. B'ham. Ry. Co. v. Liddicoat*, 99 Ala. 546. The count does not conform to the requirements of § 3285, code 1896.

The demurrer to count C should have been sustained. It fails to aver the name of the person who gave the alleged order or to allege that the same was unknown.—94 Ala. 199; *McNamara v. Logan*, 100 Ala. 187; *Ry. Co. v. Cunningham*, 112 Ala. 496; *L. & N. R. R. v. Boulding*, 110 Ala. 185; *C. of Ga. v. Lamb*, 124 Ala. 172; *Woodward Iron Co. v. Herndon*, 114 Ala. 191; Dresser p. 639.

It fails to allege that the giving of the order was negligent, or that the negligence conplained of was the giving of the order at all.—*K. C. M. & B. R. R. Co. v. Burton,* 97 Ala. 240; *Kahl v. M. & C. R. R. Co.,* 95 Ala. 337; *B'ham. Co. v. Gross,* 97 Ala. 220; *Mary Lee Co. v. Chambliss,* 97 Ala. 171; *Dantzler v. Debardelaben,* 101 Ala. 313; *Bear Creek Mill Co. v. Parker.* The demurrer to count D should have been sustained. The count violates every known requirement of good pleading.—*Logan v. C. I. Co.,* 36 So. 729; *K. C. M. & B. R. R. Co. v. Burton supra; Western Ry. of Ala. v. Milligan,* 33 So. 438.

SHUGART & BELL, for appellee.—There is nothing in the application for a continuance, and the court's action thereon.—*U. S. F. Co. v. Hobbie,* 136 Ala. 348; *A. S. & W. Co. v. Wrenn,* 136 Ala. 475. Demurrers were properly overruled to count D.—Barrows on Negligence, §§ 118-120; *McAdory v. L. & N.* 109 Ala. 638; *Woodward v. Andrews,* 114 Ala. 257; 4 Thompson on Negligence, §§ 3888, 3889, 4697, 4699, 4928. The demurrers to count C were properly overruled—*Highland v. Robinson,* 125 Ala. 484; *Southern Ry. Co. v. Crenshaw,* 136 Ala. 583. All the counts allege a duty to plaintiff, and the danger to him from the hole or opening in the top house, and all of them show that plaintiff was hurt by falling in or through the hole.—*O'Brien v. Tatum,* 84 Ala. 186; *Southern Bell Co. v. McTyer,* 137 Ala. 601.

DENSON, J.—The complaint as originally framed was composed of six counts. The minute entry shows the trial of the case was begun on the 27th day of January, 1904, and continued until the 30th day of January, on which latter date the jury rendered a verdict for the plaintiff. It appears on the 27th of January the plaintiff amended the complaint by striking out the third, fourth, fifth, and sixth counts, and by adding three counts, designated as B, C, and D, respectively. There appears in the record an instrument which purports to be an amend-

ment of the complaint. The caption of the instrument is as follows: "In order to simplify this case, plaintiff hereby withdraws all his counts in the case except the following: D, B, and C—hereby amending his complaint by striking out all others, upon which counts he submits his case to the jury in words and figures as follows, viz.: (Then follows counts D, B, and C.) The minute entry takes no notice of the amendment, but at the end of the amendment, on the page of the record where it appears, is this indorsement: "Filed in office this the 29th of January, 1904. Walter McAdory, Clerk."

It is now insisted by the appellant, that the amendment cannot be regarded, for that it does not appear that the amendment was made with leave of the court. We think the insistence untenable. While it is the proper practice that the minute entry proper should show that amendments are allowed, yet, if the amendment is shown by the record, it cannot be insisted for the first time on appeal that they are not properly in the record, especially in the face of the certificate of the clerk, attached to the record containing the amendment, to the effect that the record contains "a true and correct copy of the records and proceedings in the cause."—*Sou. Ry. Co. v. Bunt*, 131 Ala. 591, 32 South. 507. Therefore the only counts in the complaint for consideration are B, C, and D. Demurrers to each of these counts were overruled. Count C is framed with respect of subdivision 3 of section 1749 of the code of 1896. To make a good count under this subdivision it is necessary that the name of the employe whose negligence is counted on should be averred, or his name should be averred to be unknown to the plaintiff when that is a fact. In this respect count C is defective. The demurrer pointed out the defect, and it should have been sustained.—*Armstrong v. Montgomery St. Ry. Co.*, 123 Ala. 233, 26 South. 349; *Woodward Iron Co. v. Herndon*, 114 Ala. 191, 21 South. 430; *Cen. of Ga. Ry. v. Lamb*, 124 Ala. 172, on page 175, 26 South. 969,

on page 974. Another defect in count C, pointed out by the demurrer, consists in its failure to aver that the order was negligently given.—*Dantzler v. DeBardeleben,* 101 Ala. 309 on page 313, 14 South. 10, on page 12, 22 L. R. A. 361; *Bear Creek Mill Co. v. Parker,* 134 Ala. 293, 32 South. 700. Count D is so patently defective that it seems only necessary to refer to the grounds stated in the demurrer interposed to it.—*Logan v. Central Iron Co.,* 139 Ala. 548, 36 South. 729; *K. C. M. & B. R. R. Co. v. Burton,* 97 Ala. 240, 12 South. 88. The principle is well settled that if an occupier of premises, either directly or by implication, induces another to come upon them, he thereby assumes an obligation that such premises are in a reasonably safe condition, so that the person there by his invitation shall not be injured by them, or in their use for the purpose for which the invitation was extended.— *Campbell v. Lunsford,* 83 Ala. 512, 3 South. 522; *Railway Co. v. Thompson,* 77 Ala. 457, 54 Am. Rep. 72; *O'Brien v. Tatum,* 84 Ala. 186, 4 South. 158; *Sloss v. Knowles,* 129 Ala. 410, 30 South. 584; *Lake Shore Ry. Co. v. Rodemer,* (Illl.) 29 N. E. 692, 32 Am. St. Rep. 218; *Davis v. Central Congregation Society,* 129 Mass. 367, 37 Am. Rep. 368; *Sweeny v. Old Colony,* 87 Am. Dec. 644; *Donaldson v. Wilson* (Mich.) 26 N. W. 842, 1 Am. St. Rep. 487.

We have found there was error in overruling the demurrers to counts C and D. If the bill of exceptions were stricken, as appellee asks us to do, this would leave before us the pleadings alone, and the error in overruling the demurrer to counts C and D would work a reversal of the judgment. If the bill of exceptions is before us and is properly a part of the record, we could not affirm therefrom that the verdict was based on count B. On the contrary, under the evidence, it can only be referred to counts C and D. It may be that count B is insufficient in not directly alleging, and in leaving only an inference, that the defendant was in possession or had under its

[Birmingham Ry. L. & P. Co. v. Adams.]

control Virginia Mine, or the tipple at said mine. As the case must be tried again, and count B may be easily amended so as to remove the question as to its sufficiency vel non, now presented, we do not consider it necessary to now make a definite decision as to the sufficiency of that count. Further, in view of the fact that two of the counts upon which the trial was had are held insufficient, and the complaint will have to be amended and the issues reformed, we do not think it would be of any benefit to the parties to the cause or to the court below on a new trial for this court to pass upon rulings of the court with respect of the pleas of the defendant. Necessarily on an amendment of the complaint the pleas will be reframed and adjusted to the complaint as amended. For like considerations we will not consider the motion to strike the bill of exceptions or matters reserved by it.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.