# Alteriac *v.* West Pratt Coal Co.

*Injury to Servant.*

(Decided May 24, 1909.  49 South. 867.)

*Master and Servant; Complaint of Danger; Promise to Repair; Assumption of Risk.*—Where a miner of many years experience saw a pot or bell shaped rock in the roof of a mine, and knew that it was more or less disconnected and liable to fall without warning at any moment, and after telling his superior of it, and that he would not work without timbers, but who returned to the work under the pot or bell shaped rock on being told to do so, and on the promise that timber would be sent at once, assumed the risk incident to his return and work thereunder.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by M. E. Alteriac against the West Pratt Coal Company for injuries received while mining, by the fall of a pot or bell shaped rock. Judgment for plaintiff and defendant appeals. Affirmed.

[Alteriac v. West Pratt Coal Co.]

JOHN A. COLEMAN, and EDGAR ALLEN, for appellant. Counts 6 and 7 were sufficient.—*M. & C. v. Martin,* 117 Ala. 367; *C. of Ga. v. Foshee,* 125 Ala. 226. Demurrers should have been sustained to appellee's pleas, 2, 7 and 9 as amended, and 10.—*Osborn v. A. S. & W. Co.,* 135 Ala. 571; *Going v. A. S. & W. Co.,* 141 Ala. 537; *Foley v. P. M. & M. Co.,* 40 South. 273; *Creola Lbr. Co. v. Mills,* 42 South. 1019. Plea 15 is entirely inadequate.— *Southern Ry. v. Harlow,* 135 Ala. 640; *Osborn v. A. S. & W. Co. supra.* The court erred in giving the affirmative charge for appellee.—*Eureka Co. v. Bass,* 81 Ala. 212; *Montgomery v. Wright,* 72 Ala. 411; *E. T. V. & G. v. Bayliss,* 74 Ala. 150; *Wilson v. L. & N.,* 85 Ala. 269; *Mouton v. L. & N.,* 128 Ala. 546; *Bir. R. & E. Co. v. Allen,* 99 Ala. 370; *L. & N. v. Stutz,* 105 Ala. 376; *Bridges v. T. C. I. & R. R. Co.,* 109 Ala. 293; *A. G. S. v. Davis,* 119 Ala. 583

BANKHEAD & BANKHEAD, for appellee    The court properly sustained demurrers to the complaint.—*L. & N. v. Webb,* 97 Ala. 308; *same v. Anchors,* 114 Ala. 492; *Same v. Markee,* 103 Ala. 160. The demurrers to the pleas were properly overruled.—*Osborn v. A. S. & W. Co.,* 135 Ala. 576; *Bir R. R. Co. v. Allen,* 99 Ala. 359; *Southern v. Guyton,* 122 Ala. 238; *Coosa P. & F. Co. v. Williams,* 133 Ala. 611. Under the plaintiff's own evidence, he assumed the risk.—*Steel & I. Co. v. Knowles,* 129 Ala. 410; *Thomas v. Bellamy,* 126 Ala. 253; *Sloss Co. v. Mobley,* 139 Ala. 425; 26 Cyc. 1209.

McCLELLAN, J.—The action was instituted by appellant to recover damages consequent upon an inquiry suffered by him from the falling of a rock from the roof of a mine of the defendant in which he was engaged as a miner when injured. There were counts assuming

to state a case of wantonness or willful injury of this plaintiff; but there is no evidence in the record in support of such counts. The other counts were for simple negligence, and to these the defenses of assumption of risk and contributory negligence were pleaded. The court, at the request of the defendant, gave it the affir·mative charge.

The plaintiff, by his own testimony, brings his injury squarely with the principles announced in *Sloss I. & S. Co. v. Knowles,* 129 Ala. 410, 30 South. 584; and hence the affirmative charge was correctly given for defendant. According to his testimony: The plaintiff was a miner of 18 years experience and was upwards of 30 years of age. He was injured by the falling on him of what is called in mining parlance a "pot." A "pot," if capable of definition, is a bellshaped rock, more or less disconnected from the roof. The plaintiff, as do the other of his witnesses who were miners, states that a "pot" is easily detected from its appearance, because it makes a "circumference" where it lies in the roof. About noon on the day the plaintiff was injured he went to his superior, had the condition of the roof of his (plaintiff's) room explained to him with reference to the necessity for "propping," requested that the timber therefor be supplied him, and the superior promised to send the timbers right away. The plaintiff went to dinner, and returned to his room in the mine about 1 o'clock, and went to work under the "pot" which he had requested timbers to prop. He testifies, further, that the "pot" was then sound and that he then sounded it. Within 10 or 20 minutes it fell on him. The feature of his testimony upon which our conclusion rests is that a "pot" is liable to fall at any moment and without warning. We quote him: "A pot is liable to fall, if not propped, at any time without warning."

Notwithstanding this condition, of which he was fully aware, and against which the mere indication of soundness, resulting from tapping, obviously could not have provided, he took his place thereunder and was injured by the falling of the large "pot." In short, with full knowledge that a large "pot" was above him, and that it was liable to fall without warning, and that only propping could give any assurance against its falling, he placed himself beneath it, it fell, and his injury resulted.

The full consequences of the plaintiff's heedlessness, as we have stated them, cannot be qualified by an appeal to the rule that, not only must the defect be known to the injured, but he must also have known and appreciated the danger therefrom. The situation known to him, viz., that of a "pot" and its liability to fall at any moment and without warning, if not propped, would have necessarily operated to suggest to the ordinarily prudent man the danger and risk of taking a place under the "pot." It would be entirely irrational to say that such would not be the case. If one be told that a large body above him is liable to fall, at any time, without warning, it is inconceivable that, if ordinarily prudent, he would remain in a place of danger if the substance should fall. The gravity of the situation here seems to have been especially known to the plaintiff, for he testifies that he told his superior "that I (he) would not work without timber and that I (he) would go home first, and he told me to go back to work and he would send the timber at once." The case, then, is one where by order or direction of a superior, after notice to the superior of the defect, and, let us say, the consequent danger to the subordinate, the subordinate, with full knowledge of the defect and the danger attending one placing himself within its sphere, so places

himself, and is, in consequence, injured. In *Eureka Co. v. Bass,* 81 Ala. 213, 8 South. 218, 60 Am. St. Rep. 152, it is said: "It is everywhere admitted that, if the danger encountered by the employe through his continuance in the service is so obvious and inevitable as that no person of ordinary prudence—that no one but a reckless man— would venture upon it under the circumstances of a particular case, then the continuation of the peril is at his own risk, and the employer is acquitted of responsibility, upon the ground of the employe's contributory negligence."

We do not understand the quoted case as it appears to be understood by counsel for appellant, viz., that the rule quoted is inapplicable where notice of the defect and danger is given the master and assurance that the condition will be remedied is extended the employe, thereby clothing the employe with the right to resume his labors at the risk of the master for a reasonable time in which the condition could be remedied. That certainly is not the generally accepted doctrine.—In 26 Cyc. p. 1209, it is said: "In General. Where the master or some one acting in his place promises to remedy the defect complained of, the servant by continuing in his employment for a reasonable time after such promise does not assume the risk of injury from the defect, unless the danger was so patent that no person of ordinary prudence would have continued to work." This very reasonable proposition is based upon the numerous authorities noted on pages 1209, 1210, 1211, of 26 Cyc. In *Coosa Co. v. Williams,* 133 Ala. 606, 32 South. 232, it was ruled that no duty rested on the employe to obey an order of his superior to place himself within the range of an obvious danger; and, of course, a like want of obligation exists where the danger and risk are known to the employe. All of these rules rest, except where

absence of discretion or of experience in the special service appears, upon the assumption and requirement that the employe will exercise ordinary prudence.—*Eureka Co. v. Bass, supra.* We hence think that the stated insistence of counsel for appellant is not sound.

We have briefly treated the question without reference to the effect of the assurance that the timbers would be supplied "at once", or "right away." It appears from the proof that the duty was on the employe (miner) to prop the roof of his own room, and that the duty was on the master to furnish the material therefor. Whether this assurance is legally entitled to any influence in any event, in the consideration of the inquiries possible on the case made, is matter upon which we intimate no opinon. The order and continuity of causation between the alleged negligent failure to furnish the timbers and, on the other hand, the falling of the "pot," inflicting the injury, might be a matter of doubt, since to apply the support for the "pot," and thereby obviate the danger, the proper performance of duty by the plaintiff must have intervened. Whether it could be assumed, in order to trace the proximate cause of his injury to the alleged negligence of the defendant in failing to furnish the timbers, that his duty would have been properly met, is a question.

Since no injury could have resulted to plaintiff, in view of the facts and circumstances detailed by him, including his own knowledge of the situation out of which his injury eventuated, we will not consider other errors assigned with respect to rulings on pleadings or evidence.—*Bailey v. Gary, Kennedy & Co.,* 148 Ala. 667, 41 South. 672.

The judgment below is affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.