# Republic Iron & Steel Co. *v.* Fuller.

## *Injury to Licensee.*

### (Decided December 17, 1912. 60 South. 475.)

1. *Master and Servant; Independent Contractor; Licensee; Complaint.*—A complaint alleging that plaintiff was an employee of a third person who was under contract to mine coal for the defendant in a mine operated by defendant, and that as plaintiff came out of the mine from his work on a car operated by the defendant he came in contact with a low place in the roof of the slope of the mine and was injured, and that defendant was negligent in permitting the low roof, and in operating the car at a too great rate of speed, and that plaintiff was on the car rightfully and at the invitation of defendant, shows sufficiently that defendant owed to plaintiff the duty of providing safe passways and means of conveyances for use in coming from the places of work, and a breach by defendant of such duty.

2. *Same; Assumption of Risk.*—Where an operator of a mine carried out the men employed by an independent contractor who was mining ore for the operator of a mine, an employee of such independent contractor who knew of the danger of a low place in the roof of the slope of the mine assumed the risk of the injury caused thereby, but did not assume the risk of injury caused by the operation of the car by defendant at a dangerous rate of speed.

3. *Same; Proximate Cause.*—Under the evidence in this case, it was a question for the jury whether the excessive speed of the car operated by the mine owner to take out of the mine employees of his independent contractor, was the proximate cause of the injury to such employee.

4. *Same; Contributory Negligence; Jury Question.*—Under the facts in this case, it was a question for the jury whether the employee

[Republic Iron & Steel Co. v. Fuller.]

of an independent contractor was guilty of contributory negligence in selecting an unsafe position on a car used to carry him out of the mines.

5. *Negligence; Contributory Negligence.*—Where one knows of the peril and voluntarily continues to expose himself thereto, he may not recover for an injury sustained therefrom.

6. *Same; Emergency.*—Where one is exposed to a danger enhanced suddenly by a change of the conditions under which the danger must be met he is not necessarily guilty of contributory negligence because he does not exercise the best judgment in the measures taken for his safety; his conduct must be weighed in the light of the surrounding circumstances at the time, and he need exercise only such reasonable care as would be expected of a prudent man under similar circumstances.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Action by Blufus Fuller against the Republic Iron & Steel Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The second count alleges the employment of plaintiff by one George Collins, who had a contract with defendant to get out ore from said mine, and that while plaintiff, by the invitation of defendant, was coming out of said mine from his place of work therein upon a certain car or skip operated by the servants of the defendant, he came in contact with a low place in the roof of the slope of the defendant, or a low hanging rock therefrom, when he was knocked violently from the car or skip, suffering the injuries complained of, and alleges that his injuries and damages were caused by reason, and as a proximate consequence of the negligence of the defendant in negligently permitting said roof of said slope at said place to be too low. The third count is similar to the first in the allegation of injury, but alleges the same to have approximately resulted from the negligence of the defendant in negligently operating said car or skip with too great a speed. The third charge refused to the defendant is the affirmative charge as to the second count as amended. Charge 4

29 CA.

is the affirmative charge as to the third count as amended.

PERCY, BENNERS & BURR, for appellant. The evidence in the case clearly discloses that so far as the second count is concerned the plaintiff knew of this low place in the mine, knew of the danger of sitting on the rear of the car without ducking, and had been for six years avoiding this very danger, and hence, was guilty of contributory negligence.—*Sloss-S. S. & I. Co. v. Knowles,* 129 Ala. 415; *Gainor v. So. Ry.,* 152 Ala. 190; *Carlson v. Erickson,* 51 South. 175; *So. Cot. O. Co. v. Walker,* 51 South. 169; *Zimmerman v. Hills Creek Co.,* 54 South. 428. The negligence complained of must be the proximate cause of the injury.—*Creola L. Co. v. Mills,* 149 Ala. 485; *Crowley v. West End,* 149 Ala. 613; *Jones v. Union F. Co.,* 55 South. 155. The court was in error in charging that on plaintiff's testimony a prima facie case was made out, since this very testimony made out the pleas of contributory negligence.

STALLINGS & DRENNEN, for appellee. Counsel lay down the following proposition as controlling in this case: It was negligence as a matter of law for defendant to maintain a shaft with rock projecting in such a condition. The plaintiff did not proximately contribute to the injury resulting for the negligence of defendant, but used due care. While it is true that it was an implied term of the plaintiff's contract that he assumed the ordinary and incidental risks, growing out of the nature of the work in which he was concerned, still he did not assume any aggravated risk growing out of new circumstances which defendant controlled. Counsel cite no authority, however, in support of these contentions.

On the authority of *Bir. Minn. R. R. Co. case,* 97 Ala. 180, and *H. A. & B. R. R. Co. v. Miller,* 120 Ala. 543, it is insisted that the court properly refused charge 6, requested by appellant.

WALKER, P. J.—The case went to the jury on the second and third counts of the complaint as they were amended.   Each of these counts avers in effect that the circumstances of the happening of the injury complained of were as follows:   The plaintiff was an employee of one Collins, who had contracted with the defendant to get out ore in a mine operated by the latter.   As the plaintiff was coming out of the mine from his place of work upon a car or skip operated by the defendant, being on that vehicle rightfully and at the invitation of the defendant, he came in contact with a low place in the roof of the slope of the mine, and was thereby knocked from the car or skip and injured.   The second count attributes the injury to the negligence of the defendant in permitting the roof of the slope to be too low at the place where plaintiff came in contact with it.   The third count attributes the injury to the alleged negligence of the defendant in operating the car or skip with too great speed.

It is contended in behalf of the appellant (the defendant below) that the second and third counts of the complaint were subject to demurrer on the ground suggesting their failure to show that the plaintiff was rightfully on the defendant's car or skip at the time he was hurt, or that the defendant owed him any duty while he was on its vehicle.   The averments of each of those counts show that the plaintiff, though he was not employed directly by the defendant, was on its premises coming from work thereon in which he was employed, for which the defendant had contracted and in which it

was interested, and that it was on the defendant's invitation that he was coming from his place of work in the mine on a conveyance operated by the defendant. They sufficiently show that the defendant bore such a relation to the plaintiff, a person invited or expected to be on its premises for a business purpose in which it was concerned, as to subject it to a duty to him in reference to the safety of the passways and means of conveyance provided by the defendant for his use in coming from his place of work, and that there was a breach of such duty.—*Tennessee Coal, Iron & R. R. Co. v. Burgess*, 158 Ala. 519, 47 South. 1028; *O'Brien v. Tatum*, 84 Ala. 186, 4 South. 158; *Sloss Iron & Steel Co. v. Knowles*, 129 Ala. 410, 30 South. 584; 29 Cyc. 454, 456. The demurrers were properly overruled.

To each of the two counts the defendant pleaded specially that the plaintiff, at and prior to the time of receiving the injuries, knew of the negligence complained of and the danger on account thereof, and remained at work an unreasonable length of time after acquiring such knowledge, and thereby assumed the risk of being injured by reason of such negligence. The evidence without conflict sustained this plea so far as it applied to the second count. The testimony of the plaintiff himself was to the effect that he had been working in the mine off and on for eight or nine years; that the low place in the slope had been there all that time to his knowledge; and that he knew the danger of coming in contact with it. So it plainly appears that this source of danger was one which had long been well known to and fully appreciated by the plaintiff, and that he chose to continue to take the risk of it. One cannot maintain an action against another for damages for an injury resulting from a known peril to which he voluntarily continued to expose himself.—*Alteriac v. West Pratt Coal*

Co., 161 Ala. 435, 49 South. 867; *Gainer v. Southern Ry. Co.*, 152 Ala. 186, 44 South. 652; *Southern Cotton Oil Co. v. Walker*, 164 Ala. 33, 51 South. 169. The court erred in refusing to give written charge 3 requested by the defendant.

The risk which the evidence without conflict showed that the plaintiff voluntarily assumed was that to which the existence of a depression in the roof of the passage-way or slope exposed him in riding out of the mine on an ore car under the usual necessary conditions of its operation. His continuance in the work, with full knowledge of the existence of that danger, did not have the effect of a voluntary assumption by him of the further perils involved in the improper or negligent operation of the vehicle in which he was carried. By consenting to be carried through a slope which had a low place in its roof, he did not consent to be carried at a speed too great for the safety of such a trip in such a place. It follows that the evidence above referred to did not support the plea of assumption of risk as applicable to the charge of negligence made in the third count of the complaint.—*Green v. Bessemer Coal, I. & Land Co.*, 162 Ala. 609, 50 South. 289.

The vehicle on which the plaintiff was riding was a car or cage, called a skip, to which was attached a cable by which an engine hoisted it out of the mine. It was used in hauling ore out of the mine, and also in bringing up persons employed therein. It was higher in the rear than in front, so that the bulk of a load of ore would be in the back part; the pile slanting down towards the front of the car. The evidence tended to prove that persons sitting in the front part of the car would not be hit by the projection in the roof or the slope, and that one sitting further back on the ore could avoid that danger by ducking or lowering his head. The evi-

dence for the plaintiff tended to show that he was sitting where he usually sat, and right behind two other men who were next to the front of the car; that the car was running faster than it should have been run when people were on it, with the result that plaintiff's light was put out, so that he could not see; and that, in ducking his head to dodge the low place, he miscalculated his position in reference to the roof and did not get his body far enough down to escape the danger. It is not to be denied that the peril to which one riding in an ore car in the slope of a mine is exposed by the presence of a projection in the roof of the slope may be enhanced by his being deprived of the benefit of light on the trip. If one in such a position is likely to be deprived of light as a result of moving the car with undue speed, conditions are presented under which it may be negligent to maintain such speed in the movement of the car. And if, in consequence of the excessive speed at which the car is moved, the passenger's light is put out, and in the dark, by reason of his miscalculating the distance between the ore on which he was sitting and the low place in the roof of the slope, he fails to lower his person sufficiently for him to avoid the known but then hidden danger, it cannot be affirmed, as a matter of law, that, under the circumstances, the movement of the vehicle with undue speed was not an efficient proximate cause operating in unbroken sequence to bring about the resulting injury.—*Southern Railway Co. v. Crawford,* 164 Ala. 178, 51 South. 340.

Nor can it be affirmed that the evidence without conflict showed that the plaintiff was guilty of negligence which proximately contributed to his injury in selecting an unsafe position on the car when a safe place on it was available to him, or in failing to lower his head sufficiently to avoid the low place in the roof. Under

the evidence, it was a question for the jury whether the position on the car which the plaintiff took was as good a one as was open to him on that occasion, and was such a one as was usually taken by some one in the exercise of reasonable care for his safety, and whether it involved any peril which he could not readily have avoided if the trip had been made under the conditions which he had the right to anticipate. The fact that the plaintiff knew of the danger from the low place in the roof does not necessarily exclude any other conclusion than that he was negligent in failing to take the necessary precaution to avoid that danger when it was added to by an unforseen lack of light.

One exposed to a danger which, by reason of another's negligence, is suddenly enhanced by an unfavorable change of the conditions under which it is to be met is not necessarily chargeable with contributory negligence because he does not exercise the best judgment in the measures taken for his safety. The law does not hold one who finds himself in such a situation to infallibility in his endeavor to escape harm. His conduct is to be weighed in the light of his surroundings at the time. He is to be held to no more than the exercise of such reasonable care and diligence as would be expected of a prudent and reasonable man under similar conditions. The evidence in the case was such as to make this inquiry one for the jury.—*Richmond & Danville R. Co. v. Farmer*, 97 Ala. 141, 12 South. 86; *Postal Telegraph Cable Co. v. Hulsey*, 132 Ala. 444, 31 South. 527; *Louisville & Nashville R. Co. v. Stewart*, 128 Ala. 313, 29 South. 562.

The conclusion follows that the court was not in error in refusing to give written charge 4 requested by the defendant.

Reversed and remanded.