# Sloss-Sheffield S. & I. Co. v. Edwards.

## Injury to Servant.

(Decided October 26, 1915. Rehearing denied December 8, 1915.
70 South. 285.)

1. **Mines and Minerals; Injuries in; Complaint.**—The 4th count of the complaint stated and held not subject to the demurrers interposed, which are also stated.

2. **Same; Liability for Unsafe Condition; Employee of Independent Contractor.**—Where a partnership and the mine owner were under contract by which the partnership mined coal at a stipulated price per ton employing and paying for their own labor, the mine owner owed an employee of the partnership no duty to prop up a rock in the mine to prevent it from falling where such propping was rendered necessary by the work of mining as it progressed, for although the partners may not have been independent contractors, yet the duty of remedying conditions made dangerous in the carrying on of the work rested on them so far as their employee was concerned, and the mine owner owed to plaintiff, a licensee, merely the obligation of seeing that the premises were safe for the purpose for which the invitation was extended.

3. **Master and Servant; Injury to Servant; Servant's Negligence.**—Where the other evidence shows without dispute that the person whose negligence caused the injury was an employee of the partnership mining coal under contract, and not an employee of the mine owner, testimony of plaintiff that such person was the man "the company" put at the job, did not make a conflict for the jury as to whether such person was an employee of the partnership or of the mine owner.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Henry Edwards against the Sloss-Sheffield Steel & Iron Company, for damages suffered while in its mine. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The fourth count is as follows: Plaintiff claims of defendant * * * damages for that on, to-wit, * * * defendant was the owner of a coal mine in Jefferson county, and was operating it, and plaintiff was working in said mine with the consent of and at the invitation of defendant, and while so working was injured about his hands, arms, and other parts of his body, * * * and plaintiff avers that said injuries were proximately caused by the negligence of defendant in failing to keep its mines, whereby plaintiff was invited to work, in a reasonably safe condition.

The demurrers appearing in the record are that it states no cause of action; that the duty counted on is greater than that imposed by law; and that it does not show except by way of a conclusion that defendant violated any duty it owed plaintiff.

TILLMAN, BRADLEY & MORROW, and T. A. MCFARLAND, for appellant. DAVID J. DAVIS, and HUGO L. BLACK, for appellee.

THOMAS, J.— (1) The case was tried upon count 4 of the complaint, which claimed damages for personal injuries received by plaintiff while working as the employee of another in defendant's coal mine with the consent and at the invitation of the defendant; it being alleged in the count that said injuries were proximately caused by reason of the negligence of the defendant in failing to keep said mine in a reasonably safe condition. The count was not, we think, subject to the demurrers interposed to it.—*Republic Steel & Iron Co. v. Luster*, 192 Ala. 501, 68 South. 358; *Sloss-Sheffield Steel & Iron Co. v. Knowles*, 129 Ala. 410, 30 South. 584; *Connors-Weyman Steel Co. v. Kilgore*, 189 Ala. 643, 66 South. 609; *Republic Steel & Iron Co. v. Fuller*, 6 Ala. App. 448, 60 South. 475.

(2) The defendant was, however, in our opinion, entitled to the general affirmative charge requested by it. It appears from the evidence without dispute that, at the time of the accident, the plaintiff was in defendant's mine as an employee of, and engaged in work for, Fortner & Short, a company or copartnership, who were under contract to the defendant to mine the coal— that is, to cut and shoot it down and load it on cars—at a stipulated sum per ton, employing and paying for their own labor (*Woodward Iron Co. v. Brown*, 167 Ala. 323, 152 South. 829), and that at such time the plaintiff was working for them, said Fortner & Short, as a "scrapper" (a term not defined, either in the evidence or the dictionaries), under the direction of one Jones, another employee of said Fortner & Short, and who operated the machine for cutting down the coal; that with or near him, said Jones, the plaintiff was working at the time of the accident; that the coal in the room in which plaintiff and said Jones were so at work at the time extended across the side of the room in two seams—an upper and lower seam—divided by a seam of rock, known as, or called, the "middleman"; that said Jones, at the point or place in the room where plaintiff was in-

jured, and just before plaintiff was injured, did, during the progress of the work of mining the coal in said room, and as necessary thereto, cut down, with the machine mentioned, the lower seam of coal referred to, which being the support for the seam of rock (the said "middleman") just above it, caused the seam of rock at that point to crack and become loose, and, it not having been propped up with timbers (as it should have been, and as was necessary to prevent it from falling when the coal was cut and removed from beneath it), fell, striking the plaintiff and inflicting the injuries complained of. If it was not defendant's duty to the plaintiff to prop up this rock, then, clearly, the plaintiff is not entitled to recover, as is conceded. There existed between plaintiff and defendant, as was alleged in the complaint, and which the proof, as seen, showed without dispute, merely the relationship of licensor and licensee, and not that of master and servant; and we are not of the opinion that the duty of the defendant to a licensee, as plaintiff was, to keep its coal mine in a reasonably safe condition extends to conditions which, being safe when the work of mining the coal was commenced by plaintiff's employers, Fortner & Short, who were under a contract with defendant to mine the coal, had become unsafe by reason of, and as a result of, changes made in such condition by the servants of said Fortner & Short and rendered necessary in the carrying on of the work of mining the coal. Certainly, if Fortner & Short, the plaintiff's employers, were independent contractors to mine the coal, as the evidence seems to show, the defendant would not be liable.—*Woodward Iron Co. v. Brown*, 167 Ala. 323, 52 South. 829; *Dallas Mfg. Co. v. Townes*, 148 Ala. 146, 41 South. 988; *Harris v. McNamara, et al.*, 97 Ala. 181, 12 South. 103; *Hubbard v. Coffin & Leak*, 191 Ala. 494, 67 South. 697; *Warrior Pratt Co. v. Shereda*, 183 Ala. 118, 62 South. 721; 16 Am. & Eng. Ency. Law (2d Ed.) 186; *Connors-Weyman Steel Co. v. Kilgore, supra*, 66 South. 609, and authorities last cited; *Myer v. Hobbs*, 57 Ala. 175, 29 Am. Rep. 719; *Baker v. A., B. & A. Ry. Co.*, 163 Ala. 101, 49 South. 751. And, even if Fortner & Short were not independent contractors, yet the relationship between them and defendant, by reason of their contract with defendant to mine the coal, as developed by the evidence, was of such a character as to relieve the defendant of the duty, which it might otherwise have owed their servants, of remedying conditions, which, being safe before the work commenced, had become

unsafe as a result of, and in the progress of, the work of such servants in cutting down and removing the coal in pursuance of the contract. The duty of remedying conditions made dangerous in the carrying on of the work of mining the coal rested on Fortner & Short, and not upon the defendant, at least so far as plaintiff was concerned, who was an employee of Fortner & Short and engaged in that work.—*Republic Steel & Iron Co. v. Luster, supra,* 68 South. 358; *Connors-Weyman Steel Co. v. Kilgore, supra,* 66 South. 609. The obligation which a licensor, as defendant was, assumes to a licensee, as plaintiff was, is merely that the premises are safe for the purpose for which the invitation was extended.—*Alabama Steel & Wire Co. v. Clements,* 146 Ala. 266, 40 South. 971. Plaintiff's invitation was to work in the mine as a servant of Fortner & Short in mining the coal, whose duty it was to remedy conditions made dangerous by them or their servants in the progress of the work, and, being injured as the result of the negligence of one of his fellow servants in failing to prop the rock when removing the coal from beneath, he has no cause of action against defendant.—*Whitmore v. Con. C. & I. Co.,* 164 Ala. 125, 51 South. 397, 137 Am. St. Rep. 31.

These considerations render it unnecessary to consider the other refused charges and the questions of contributory negligence and assumption of risk, but as to which see *Sloss Iron & Steel Co. v. Knowles,* 129 Ala. 410, 30 South. 584; *Alteriac v. West Pratt Coal Co.,* 161 Ala. 435, 49 South. 867; *Birmingham Min. & Cont. Co. v. Skelton,* 149 Ala. 465, 43 South. 110; *Stewart v. Sloss-Sheffield Steel & Iron Co.,* 170 Ala. 545, 54 South. 48; *Mobile Electric Light Co. v. Sanges,* 169 Ala. 351, 53 South. 176, Ann. Cas. 1912B, 461.

For the error pointed out, the judgment is reversed.

Reversed and remanded.

### ON REHEARING.

(3) On application for rehearing it is insisted that there is evidence from which the jury would have been authorized in believing that the servant, Jones, referred to in the opinion, was the servant of the defendant, and not of Fortner & Short, as stated in the opinion, and that, consequently, we erred in the opinion in holding that the lower court was in error in refusing to defendant the general affirmative charge. The testimony

[Allen v. Camp.]

upon which this contention is predicated is, the brief of appellee states, the statement, as follows, of the plaintiff, as a witness for himself, to-wit:

"Mr. Jones was the man that looked after that; he is the man that the company put at that job."

What company—the defendant company, a corporation which owned the mines, or the company of Fortner & Short, a partnership, who were under contract to mine the coal in mines? The statement fails to inform us, and, so failing, it in no wise, as we in effect held in the opinion, conflicts with the other evidence, which shows without dispute that Jones was the servant of the company of Fortner & Short, and not of the defendant company. If the statement had been that the "defendant company" put Jones at that job of cutting down the coal and propping the rock, there might be some room for a contention that there was a conflict in the evidence as to whose servant Jones was; but, as it is, we see no conflict.—*Birmingham Railway, L. & P. Co. v. Strickland,* 192 Ala. 596, 68 South. 911.

Application for rehearing is accordingly overruled.